MEMO ENDORSED



By eFile

January 3, 2020

James L. Bernard
Direct Dial: 212.806.5684
jbernard@stroock.com

Hon. Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:    <u>Chambers v. HSBC Bank USA, N.A., Case No. 1:19-cv-10436-AKH</u>

Dear Judge Ramos:

We represent defendant HSBC Bank USA, N.A. ("HSBC") in the above-referenced action.  We write in accordance with Rule 2(A)(ii) of Your Honor's Individual Practices to request a pre-motion conference on HSBC's proposed motion to dismiss.  All of the Plaintiff's claims in this action are based on the same flawed theory—that HSBC improperly assessed non-sufficient funds ("NSF") fees on transactions that were submitted for payment a second time by a third-party merchant after the initial submission was rejected by HSBC for insufficient funds.  Nothing prohibits HSBC from assessing such fees where, as here, a payment is presented by a third-party merchant on a later date and where the account did not have sufficient funds to pay the third-party.  Accordingly, as HSBC's proposed Motion will show, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim.

**<u>The Operative Agreements And Plaintiff's Allegations</u>**

The terms and conditions governing Plaintiff's HSBC checking account are set forth in the "Rules for Deposit Accounts" (the "Rules") and a written addendum entitled "Terms & Charges Disclosure" (the "Disclosures").  (Complaint Exs. A, B.)  The Rules provide that HSBC "will charge [] the associated Insufficient Funds (NSF) or Unavailable Funds (UNA) fees listed on our *Terms and Charges Disclosure* when an overdraft occurs."  (Compl. Ex B at 6.)  The Disclosures indicates that a $35.00 fee will be assessed "[f]or <u>each</u> withdrawal, check, electronic funds transfer or other item that overdraws your account" and that "[a] fee is charged whether we pay or return the item."  (<u>Id.</u> Ex. A at 4 (emphasis added).)  As a result, the plain language of the Rules and Disclosures make clear that HSBC will assess, and Plaintiff agrees to pay, NSF fees <u>each</u> time an overdrafting transaction is presented to HSBC, including subsequent attempts at payment by a merchant.

In her Complaint, Plaintiff alleges that on May 17, 2019, she initiated a payment to Santander, which HSBC returned due to insufficient funds in her checking account. (Compl. ¶¶ 14–15.)  Plaintiff concedes that HSBC appropriately charged an NSF fee in connection with that transaction.  (<u>Id.</u> ¶ 15.)  Twelve days later, Santander re-presented that payment to HSBC and, because Plaintiff's account again lacked sufficient funds, HSBC returned the transaction and

STROOCK & STROOCK & LAVAN LLP   New York  •  Los Angeles  •  Miami  •  Washington, DC
180 Maiden Lane, New York, NY 10038-4982  •  T. 212.806.5400  •  F. 212.806.6006  •  www.stroock.com

LA 52297123

Hon. Edgardo Ramos
January 3, 2020

assessed another NSF fee.  (Id. ¶ 16.)  Plaintiff similarly alleges that she initiated a payment to Geico on June 21, 2019, that was returned due to insufficient funds and that triggered an NSF fee.  (Id. ¶ 20.)  Plaintiff again concedes that this initial fee was appropriate under the Rules governing her account (id.), but takes issue with a subsequent NSF fee that was assessed when Geico re-presented Plaintiff's payment to HSBC six days later and Plaintiff's account balance was again insufficient.  (Id. ¶ 24.)  Plaintiff argues that the re-presentment of the Santander and Geico payments were the same "item" as the prior presentment of those payments and, therefore, they should not have triggered separate NSF fees.  Based on this contention, Plaintiff asserts claims against HSBC for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of New York's General Business Law § 349 ("GBL § 349"), all of which should be dismissed.

**All Of Plaintiff's Claims Are Barred By Federal Preemption**

Plaintiff's claims seeks to regulate the manner in which HSBC charges non-interest depository fees (i.e., NSF fees), the manner in which HSBC processes transactions, and the sufficiency of HSBC's disclosures.  Each of the foregoing is a core banking function for a national bank and not subject to regulation under state law.  See 12 C.F.R. § 7.4002(b)(2); 12 U.S.C. § 24 (Seventh).  Accordingly, the National Bank Act, 12 U.S.C. § 21 et seq., and federal regulations promulgated by the Office of the Comptroller of the Currency preempt all of Plaintiff's claims.

**Plaintiff's Breach of Contract Claim Fails Because**
**The Conduct At Issue Is Expressly Authorized By The Rules And Disclosures**

Plaintiff's contract claim turns on interpreting the Rules and Disclosures to prohibit NSF fees when a merchant re-presents a transaction to HSBC for payment.  But the Rules and Disclosures expressly authorize HSBC to assess NSF fees on such transactions.  Specifically, they provide that HSBC may charge an NSF fee "[f]or each withdrawal, check, electronic funds transfer or other item that overdraws your account" (Compl. Ex. A at 4 (emphasis added)) and that an "item" may include "pre-authorized payments or transfers, ACH transactions, and any other instruments or instructions for the payment, transfer or withdrawal of funds . . . ."  (Id. Ex. B at 4.)  Thus, payments resubmitted to HSBC are separate "items" subject to separate NSF fees.

In her Complaint, Plaintiff attempts to artfully characterize the re-presented Santander and Geico payments at issue as the "same . . . item[s]" as the previously presented and rejected payments.  Plaintiff contends that pursuant to the Rules and Disclosures, the initial and subsequent presentment of transactions are eligible for only one NSF fee because they are the same "item" even though two transactions were presented to HSBC by each of those merchants.  (Compl. ¶¶ 2, 10, 16, 21.)  This contention is contrary to the Rules and Disclosures and belies common sense.  The operative provisions of the Rules and Disclosures do not use the word "same" and, critically, do not prohibit HSBC from assessing NSF fees if a payment is for the same purpose as a prior rejected payment.  Moreover, Plaintiff's contention has been rejected by at least one other court.  In Lambert v. Navy Fed. Credit Union, 1:19-CV-103-LO-MSN, 2019 WL 3843064 (E.D. Va. Aug. 14, 2019), the plaintiff asserted the same arguments (brought by some of the same attorneys) asserted by Plaintiff here, arguing that two ACH requests "made by the

STROOCK & STROOCK & LAVAN LLP  New York  •  Los Angeles  •  Miami  •  Washington, DC
180 Maiden Lane, New York, NY 10038-4982  •  T. 212.806.5400  •  F. 212.806.6006  •  www.stroock.com                    2

LA 52297123

Hon. Edgardo Ramos
January 3, 2020

same merchant, in the same amount, for the same purpose," are the same "item." Id. at *3. However, the court rightly concluded: "When Plaintiff's insurer 're-presented' the request for payment, it was a new ACH debit item—just as a second check would be a new check even if it was by the same merchant, in the same amount, for the same purpose—and was therefore eligible for a fee when it was returned for nonsufficient funds." Id. at *4.  As in Lambert, Plaintiff's claim should be dismissed.

### Plaintiff's Claim For Breach Of The Implied Covenant Is Duplicative Of Her Contract Claim And Must Be Dismissed

As an initial matter, where, as here, a claim for breach of the implied covenant rests on the same underlying conduct as a breach of contract claim, the implied covenant claim should be dismissed.   Compare, e.g., Compl. ¶ 31 ("HSBC breached the contract when it charged more than one [NSF] fee per item..") with id. ¶ 43 ("[B]y charging more than one NSF Fee on a single item, HSBC . . . violates the implied covenant to act in good faith."); see Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013) (affirming dismissal of implied covenant claim, holding that "when a complaint alleges both a breach of contract and a breach of the implied covenant . . . based on the same facts, the latter claim should be dismissed as redundant").  Plaintiff's claim must also be dismissed because an implied covenant claim cannot be used to impose obligations "that would be inconsistent with other terms of the contractual relationship." Costoso v. Bank of Am., N.A., 74 F. Supp. 3d 558, 572 (E.D.N.Y. 2015).  For the reasons explained above, the Rules and Disclosures expressly authorized HSBC to impose NSF fees on re-presented transactions, thereby precluding Plaintiff's claim.

### Plaintiff Does Not, And Cannot, State A Claim For Unjust Enrichment

A plaintiff cannot maintain an unjust enrichment claim where a contract governs the conduct on which the plaintiff bases her claim. Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790–91 (2012).  Plaintiff concedes that the Rules and Disclosures govern the conduct at issue (Compl. ¶ 57) and, as a result, Plaintiff's claim should be dismissed with prejudice.

### Plaintiff's GBL § 349 Claim Also Fails

 "To establish a prima facie case under GBL § 349, a plaintiff must demonstrate that '(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'"  Nelson v. MillerCoors, LLC, 246 F. Supp. 3d 666, 673-74 (E.D.N.Y. 2017).  Plaintiff does not, and cannot, plausibly allege that a reasonable consumer would be misled by the plain language of the Rules and Disclosures and thus her claim necessarily fails.  See Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013).

Respectfully submitted,

/s/ James L. Bernard

cc:     All Counsel of Record (via ECF)

> The parties are directed to appear for a pre-motion conference on February 6, 2020 at 11:30am.  The plaintiff is directed to respond to the defendant's letter by January 8, 2020.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: Jan. 3, 2020
> New York, New York

STROOCK & STROOCK & LAVAN LLP  New York • Los Angeles • Miami • Washington, DC
180 Maiden Lane, New York, NY 10038-4982 • T. 212.806.5400 • F. 212.806.6006 • www.stroock.com                    3

LA 52297123