UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>HSBC BANK USA, N.A.<br><br>　　　　　　　Defendant. | Civil Action No. 19-cv-10436<br><br>SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS |

　　　　Plaintiff Patrice Chambers respectfully submits the five attached decisions as supplemental authority in support of Plaintiff's Opposition to Motion to Dismiss (ECF No. 26).  *See* Ex. A (*Coleman v. Alaska USA Federal Credit Union*, No. 3:19-cv-0229-HRH (D. Alaska, April 14, 2020)); Ex. B (*McMurrin v. America First Credit Union*, No. 190909065 CN (3d Dist. Salt Lake Cty Utah May 5, 2020)); Ex. C (*Romohr v. The Tennessee Credit Union*, No. 19-1542-BC (Davidson Co. Tenn. Chancery Court May 19, 2020)); Ex. D (*Vocaty v. Great Lakes Credit Union*, No 19-L-727 (Lake Cty. Cir., Ill. June 3, 2020)); and Ex. E (*Duncan v. BancFirst*, No. CJ-2020-348 (Dist. Okla. Cty. June 3, 2020)).

　　　　In addition to the numerous other decisions previously cited by Plaintiff, in which courts denied motions to dismiss substantially similar claims (*see* ECF Nos. 26 & 27), several more courts have recently denied motions to dismiss claims challenging financial institutions' practice of assessing multiple insufficient funds fees ("NSF Fees") on an item.

　　　　In *Young v. The Washington Trust Co*., 1:19-cv-00524-WES-PAS (D.R.I.) (June 2, 2020), attached as Exhibit A, the court denied a motion to dismiss claims challenging conduct

1

nearly identical to the allegations in this case: "the Court concludes that Plaintiff's allegations plausibly give rise to an entitlement of relief, and thus survive a Rule 12(b)(6) challenge." *Id.* at June 2, 2020 Text Order.

Second, in *McMurrin v. America First Credit Union*, No. 190909065 CN (3d Dist. Salt Lake Cty Utah May 5, 2020), attached as Exhibit B, the plaintiff brought claims for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging the credit union's practice of assessing multiple NSF Fees on an item breached its contractual promise to charge, at most, a single fee per item. The court denied the motion to dismiss, finding the plaintiff's allegations were sufficient to state claims. *Id.*

Third, in *Romohr v. The Tennessee Credit Union*, No. 19-1542-BC (Davidson Co. Tenn. Chancery Court May 19, 2020), attached as Exhibit C, the court considered the same multiple NSF practice Plaintiff challenges here. After reviewing the operative contract documents, the court found that, like here, "there is no definition of 'item' in the Account Agreement or Fee Schedule, and that does lend some ambiguity to the analysis of whether or not an authorized ACH is one item, or is an item each time it is submitted. The Fee Schedule does not clarify this ambiguity because it just says 'Non-Sufficient Funds (NSF): $32 (all types).'" *Id.* at 5-6. The court therefore held that "[g]iven the standard applicable to . . . motions to dismiss, and the subject agreement, with its associated ambiguity, the Court denies TCU's motion to dismiss [plaintiff's] breach of contract claim." *Id.* at 6.

The *Romohr* court also denied the credit union's motion to dismiss the plaintiff's claim for unjust enrichment, stating "[w]hile the Court agrees with [defendant] that [plaintiff] cannot succeed on both a breach of contract and an unjust enrichment claim, since the latter is a quasi-

contract claim assuming the absence of a contract, the Court sees them as pled in the alternative and will allow this second claim to proceed." *Id.* at 7.

Fourth, in *Vocaty v. Great Lakes Credit Union*, No 19-L-727 (Lake Cty. Cir., Ill. June 3, 2020), attached as Ex. D, the court denied a motion to dismiss on an identical claim, holding: "As to the NSF for assessing fees each time a merchant submits a single charge to be paid, there is no language within the contract that unambiguously authorizes multiple charges. The term 'per item' is not defined and taking plaintiff's allegations to be true, a trier of fact could reasonably infer that "item" is defined by the initial charge made by [the credit union's] customer, not each time a merchant submits it to [the credit union]." *Id.* at § 3.

Fifth, in *Duncan v. BancFirst*, No. CJ-2020-348 (Dist. Okla. Cty. June 3, 2020), attached as Ex. E, the court denied a motion to dismiss an identical claim because "resolution of the Parties' dispute will require the Court to not only examine 'the language of the entire agreement', but also to apply the relevant statutes and rules that were incorporated therein, including the NACHA Operating Rules and the Electronic Funds Process Act. There may or may not be an ambiguity with regard to the phrase 'drawing an item'." *Id.* ¶ 10.

This Court should adopt the reasoning in the foregoing cases and should deny Defendant's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

Dated:  June 16, 2020              */s/ David M. Berger*

David M. Berger
Eric H. Gibbs
GIBBS LAW GROUP, LLP
501 14th Street, Suite 1110

3

Oakland, CA 94612
(510) 350-9700
ehg@classlawgroup.com
dmb@classlawgroup.com

John A. Kehoe (JK-4589)
KEHOE LAW FIRM, P.C.
41 Madison Avenue, 31st Floor
New York, NY 10010
(212) 804-7700
jkehoe@kehoelawfirm.com

Jeffrey Kaliel
Kaliel PLLC
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
202-350-4783
jkaliel@kalielpllc.com

Counsel for Plaintiffs and the Proposed Classes