UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A.,<br><br>　　　　　Defendant. | Civil Action No. 1:19-cv-10436-ER<br><br>Hon. Edgardo Ramos<br><br>**RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |

　　　　As summarily addressed here, Plaintiff's Second Notice of Supplemental Authority (the "Notice") fails to submit any pertinent or persuasive authority in support of her Opposition to HSBC's Motion to Dismiss.[1]  As a result, nothing in the Notice changes the conclusion that Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

　　　　Plaintiff's Notice first submits a copy of the docket from <u>Young v. The Washington Trust Co.</u>, 1:19-cv-00524-WES-PAS (D.R.I.), and contends that the court in that case "denied a motion to dismiss claims challenging conduct nearly identical to the allegations in this case . . . ." (Notice at 1-2.)  However, Plaintiff fails to provide this Court with any basis to believe that the court in <u>Young</u> addressed "nearly identical" allegations.  To the contrary, Plaintiff merely submits a docket reflecting a text order holding that plaintiff's allegations "survive a Rule 12(b)(6) challenge," but the order contains no discussion of the claims at issue, much less any basis to contend that they are "identical" to those asserted here. (Dkt. No. 31-1 at 5 of 5.) Moreover, even if Plaintiff's representation of "identical [] allegations" was assumed to be true (and it should not be), the nonbinding text order in <u>Young</u> denied the motion to dismiss without

---

[1] Capitalized terms are used herein as defined in the Motion. (ECF No. 19.)

-1-

articulating any basis for the denial. Therefore, the docket submitted by Plaintiff is of no persuasive value.

Plaintiff's reliance on a one-page set of minutes from a hearing on a motion to dismiss in McMurrin v. America First Credit Union, No. 190909065 CN (3d Dist. Salt Lake Cty Utah) is similarly misplaced. The minutes merely indicate that the "[c]ourt denie[d] the motion to dismiss for the reasons articulated on the record." (Dkt. No. 31-2 at 2 of 2.) Yet Plaintiff does not submit that separate "record" referenced in those minutes (presumably referring to the hearing transcript). In doing so, Plaintiff again asks the court accept as true her representation that the court in McMurrin declined to dismiss similar claims. (Notice at 2.) However, Plaintiff should not benefit from such an assumption where the record to substantiate such a contention has been omitted.

Finally, the remaining authorities submitted by Plaintiff are fundamentally distinguishable on the ground that they all addressed agreements that, unlike HSBC's Rules and Disclosures, failed to define the term "item." For example, in Romohr v. The Tennessee Credit Union, No. 19-1542-BC (Davidson Co. Tenn. Chancery Court May 19, 2020), the court emphasized that "there is no definition of 'item' in the Account Agreement or Fee Schedule, and that does lend some ambiguity to the analysis of whether or not an authorized ACH is one item, or is an item each time it is submitted." (Dkt. No. 31-3 at 6 of 9.) The motion to dismiss was then denied based on the "associated ambiguity" resulting from the lack of a definition of "item." (Id. at 7 of 9.) Similarly, in Vocaty v. Great Lakes Credit Union, No 19-L-727 (Lake Cty. Cir., Ill. June 3, 2020), the court highlighted that "[t]he term 'per item' is not defined" and held that, without any express definition, it was possible "a trier of fact could reasonably infer that 'item' is defined by the initial charge . . . , not each time a merchant submits it . . . ." (Dkt. No. 31-4 at 3

of 6.) In Duncan v. BancFirst, No. CJ-2020-348 (Dist. Okla. Cty. June 3, 2020), "[t]he word 'item' [was] nowhere defined in the Deposit Agreement," which proved to be a dispositive issue, requiring the court to examine the language of the entire agreement and relevant statutes and rules incorporated therein to determine the meaning of an "item." (Dkt. No. 31-4 at 4 of 8, 7 of 8.)

Unlike the agreements at issue in Romohr, Vocaty, and Duncan, the Rules and Disclosures governing Plaintiff's Account expressly define an "item" to include "electronic items or transactions, including . . . pre-authorized payments or transfers, ACH transactions, and any other instruments or instructions for the payment, transfer or withdrawal of funds " and further permit HSBC to charge an NSF fee "[f]or each withdrawal, check, electronic funds transfer or other item that overdraws your account." (Compl. Ex. B at 4; id. Ex A at 2.) As a result, under the plain language of the Rules and Disclosures, each payment request made to HSBC is a separate "item," potentially subject to an NSF fee, defeating Plaintiff's claims. More importantly, the ambiguities resulting in denials of the motions to dismiss in Romohr, Vocaty, and Duncan are irrefutably not present here, rendering those decisions inapposite to the pending Motion and offering no support whatsoever to Plaintiff's Opposition.

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated: New York, New York<br>June 25, 2020 | STROOCK & STROOCK & LAVAN LLP<br><br>By: /s/   *James L. Bernard*<br><br>James L. Bernard<br>Raymond A. Garcia<br>180 Maiden Lane<br>New York, New York 10038<br>Telephone:  212-806-5400<br>Email:  jbernard@stroock.com<br>Email:  rgarcia@stroock.com<br><br>*Attorneys for Defendant*<br>*HSBC Bank USA, N.A.* |

LA 52325627