UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A.<br><br>    Defendant. | Civil Action No. 19-cv-10436<br><br>**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |

Plaintiff Patrice Chambers respectfully submits this Notice of Supplemental Authority to advise the Court of four additional orders denying motions to dismiss in cases challenging financial institutions' practices of assessing multiple fees per item. Each of the attached decisions support of Plaintiff's Opposition to Motion to Dismiss (ECF No. 26).

First, in *Darty v. Scott Credit Union*, No. 19L0793 (St. Clair Cty. Cir. Ct., Ill. June 24, 2020), attached as **Exhibit A**, the court denied a motion to dismiss claims for breach of contract and the implied covenant of good faith and fair dealing based on conduct that was identical to HSBC's. As the *Darty* court explained, the account agreement "plainly promise[d] to only assess 'a charge for each item' and the Fee Schedule plainly promise[d] to only assess a fee 'Per Item.'" *Id.* at 12. Applying this language, the court denied the motion to dismiss, noting that "nothing in the 2018 Agreement . . . unambiguously authorize[d] multiple charges on the same item returned for insufficient funds. *Id.* at 13. The court denied the motion to dismiss the breach of contract claim "[b]ecause the 2018 Agreement only provides for the assessment of 'a charge for each item,' is silent regarding the assessment of fees when a merchant resubmits an item, and fails to define 'per

1

item.'" *Id.* at 15. The analogous provisions in the HSBC agreements define the term "item" in language that, if anything, supports Chambers's position, making the claims before this Court even stronger.

The court further denied the motion to dismiss the plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The court noted that "[t]he Contract grant[ed] Defendant Scott complete discretion to pay or return items that overdraw the account." *Id.* at 15-16. Thus, the plaintiff's allegations that "Scott has exercised this discretion abusively by assessing fees in a manner that breaches the Contract and is inconsistent with the reasonable expectations of its consumers" were sufficient to state a claim. *Id.* at 16.

Second, in *Brown v. Educators Credit Union*, No. 2019CV1814 (Racine Cty. Cir. Ct. Wis. July 1, 2020) (Dkt. 51), attached as **Exhibit B**, the court denied a motion to dismiss claims that the defendant credit union's practice of assessing multiple fees on a single item breached the parties' contract, including the implied covenant of good faith. The credit union asserted that its contract unambiguously allowed for the imposition of multiple fees; however, the court rejected the credit union's argument, noting the plaintiff challenged the credit union's interpretation as "contrary to industry standards" and "ambigu[ous] when read with other provisions of the contract." *Id.* at 2. Thus, the court found that "reasonable individuals may disagree with the actual meaning of the membership agreement regarding assessment of NSF charges and accordingly the motion to dismiss the breach of contract claim must be denied." *Id.*

Third, the court in *Garciga v. South Florida Educ. Fed. Credit Union*, No. 2020-000733-CA-01 (Miami-Dade Cty., Fla. June 19, 2020), attached as **Exhibit C**, also considered a credit union's identical practice of assessing multiple fees per item and held that the plaintiff stated a claim for breach of contract and breach of the covenant of good faith and fair dealing. *Id.* at 1.

2

Finally, in *Baptiste v. GTE Federal Credit Union*, No. 20-CA-002728 (Hillsborough Cty., Fla. July 8 2020), attached as **Exhibit D**, the court also denied a motion to dismiss breach of contract and breach of the duty of good faith and fair dealing claims. The plaintiff in *Baptiste* challenged the "assessment of multiple $35 insufficient funds fees on the same (often small-dollar) electronic transactions or checks when reprocessed again and again after initially being returned for insufficient funds." *Id.* at 2. The court held that the "Plaintiff has plausibly alleged that an item refers to an accountholder instruction for payment," *id.* at 5-6. and that it was ambiguous whether the contract permitted the bank to assess more than one NSF Fee on the same item, *id.* at 6. The *Baptiste* court also rejected preemption arguments that mirror HSBC's. *Id.* at 8-10.

This Court should adopt the reasoning in the foregoing cases and should deny Defendant's motion to dismiss.

Respectfully submitted,

Dated: July 13, 2020            /s/ David M. Berger

David M. Berger
Eric H. Gibbs
GIBBS LAW GROUP, LLP
501 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
ehg@classlawgroup.com
dmb@classlawgroup.com

John A. Kehoe (JK-4589)
KEHOE LAW FIRM, P.C.
41 Madison Avenue, 31st Floor
New York, NY 10010
(212) 804-7700

jkehoe@kehoelawfirm.com

Jeffrey Kaliel
Kaliel PLLC
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
202-350-4783
jkaliel@kalielpllc.com

Counsel for Plaintiffs and the Proposed Classes