UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A.,<br><br>        Defendant. | Civil Action No. 1:19-cv-10436-ER<br><br>Hon. Edgardo Ramos<br><br>**RESPONSE TO PLAINTIFF'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |

        Plaintiff's Third Notice of Supplemental Authority (the "Notice") fails to submit any pertinent or persuasive authority in support of her Opposition to HSBC's Motion to Dismiss.[1] Nothing in the Notice therefore changes the conclusion that Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

        Plaintiff again relies on fundamentally distinguishable opinions addressing agreements that, unlike HSBC's Rules and Disclosures, failed to define the term "item." For example, in Darty v. Scott Credit Union, No. 19L0793 (St. Clair Cty. Cir. Ct., Ill. June 24, 2020), the agreement between plaintiff and the defendant credit union indicated that plaintiff's account "may be subject to a charge for each item regardless of whether we pay or return the item." (Dkt. No. 33-1 at 13 of 18.) However, the court's denial of defendant's motion to dismiss expressly turned, in part, on the fact that the term "item" was not defined in the operative agreement. (Id. 33-1 at 15-16 of 18.) Indeed, the court noted that "various courts have also denied motions to dismiss when the term 'item' is undefined by the financial institution, as is the case here." (Id. at 15 of 18.)

---

[1] Capitalized terms are used herein as defined in the Motion. (ECF No. 19.)

LA 52328960

The operative agreement in Brown v. Educators Credit Union, No. 2019CV1814 (Racine Cty. Cir. Ct. Wis. July 1, 2020), similarly failed to define the term "item." (See Dkt. No. 33-2 at 3 of 3.) Additionally, in Brown, the defendant credit union argued it was authorized to assess an NSF fee each time a transaction was submitted by a merchant because the operative agreement permitted an NSF fee "on any day" a request for payment was made on a transaction. (Id.) This provision stands in contrast to HSBC's Rules and Disclosures, which authorizes the assessment of an NSF fee "[f]or each withdrawal, check, electronic funds transfer or other item that overdraws [Plaintiff's] account." (Compl. Ex A at 2.)

The opinion in Baptiste v. GTE Federal Credit Union, No. 20-CA-002728 (Hillsborough Cty., Fla. July 8 2020), is no different. There, the court denied plaintiff's motion to dismiss after concluding that "based on the four corners of the Complaint and attachments, *item* is a term subject to multiple possible constructions in its application to the contract between [p]laintiff and [defendant]." (Dkt. No. 33-4 at 6 of 13 (emphasis in original).) Unlike the agreements at issue in Darty, Brown, and Baptiste, the Rules and Disclosures governing Plaintiff's Account expressly define an "item" to include "electronic items or transactions, including . . . pre-authorized payments or transfers, ACH transactions, and any other instruments or instructions for the payment, transfer or withdrawal of funds " and further permit HSBC to charge an NSF fee "[f]or each withdrawal, check, electronic funds transfer or other item that overdraws your account." (Compl. Ex. B at 4; id. Ex A at 2.) As a result, under the plain language of the Rules and Disclosures, each payment request made to HSBC is a separate "item," potentially subject to an NSF fee, defeating Plaintiff's claims. More importantly, the ambiguities resulting in denials of the motions to dismiss in Darty, Brown, and Baptiste (as well as the authorities submitted by Plaintiff's Second Notice of Supplemental Authorities) are irrefutably not present here, rendering

those decisions inapposite to the pending Motion and offering no support whatsoever to Plaintiff's Opposition.

Finally, the order in Garciga v. South Florida Educ. Fed. Credit Union, No. 2020-000733- CA-01 (Miami-Dade Cty., Fla. June 19, 2020), submitted by Plaintiff, is of no persuasive value whatsoever. That order merely held that "[t]he Motion to Dismiss is DENIED . . . for the reasons stated on the record." (Dkt. No. 33-3 at 2 of 3.) However, Plaintiff does not submit that separate "record" and that case is therefore of no relevance here.

| | |
|---|---|
| Dated: New York, New York<br>July 20, 2020 | STROOCK & STROOCK & LAVAN LLP<br><br>By: /s/   *James L. Bernard*<br><br>James L. Bernard<br>Raymond A. Garcia<br>180 Maiden Lane<br>New York, New York 10038<br>Telephone:  212-806-5400<br>Email:  jbernard@stroock.com<br>Email:  rgarcia@stroock.com<br><br>*Attorneys for Defendant*<br>*HSBC Bank USA, N.A.* |

LA 52328960