**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A.<br><br>               Defendant. | Civil Action No. 19-cv-10436<br><br><br>**FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |

Plaintiff Patrice Chambers respectfully submits this Notice of Supplemental Authority to advise the Court of two more recent orders denying motions to dismiss in cases challenging financial institutions' practices of assessing multiple fees per item. Both attached decisions support Plaintiff's Opposition to the Motion to Dismiss (ECF No. 26).

First, in *McNeil v. Capital One Bank, N.A.*, No. 19-cv-00473-FB-RER (E.D.N.Y. Sept. 29, 2020), attached as **Exhibit A**, Judge Block of the Eastern District of New York denied a motion to dismiss a complaint alleging the improper assessment of more than one NSF Fee on the same item. In a concise, 8-page order, the court denied the motion to dismiss with respect to plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims. The court stated:

> At bottom, Plaintiff's Complaint presents an issue of contractual interpretation—namely, whether the Account Agreements authorize Capital One to assess multiple "overdraft and/or "non-sufficient funds" fees on transactions that the bank re-processes one or more times after issuing a return for insufficient funds. According to Capital One, the Account Agreements permit it to "charge a fee for *each item* returned in accordance with [its fee schedule]," and each request for payment constitutes a discrete "item" subject to such fees—even where a request is simply being re-processed. Plaintiff, for his part, contends that "common sense and . . . industry usage of the term

1

          'item'" dictate than an "'item'" cannot become a new 'item' when Capital One
          returns and reprocesses it one or more times."
          Here, "[b]oth parties have offered reasonable interpretations of the Account
          Agreements," and a "claim predicated on a materially ambiguous contract term
          is not dismissible on the pleadings."

*Id.*, at *4 (internal citations omitted).

The court in *McNeil* went on to reject three additional arguments which have direct application to HSBC's arguments in this case.  First, with respect to the argument that the breach of the implied covenant of good faith and fair dealing claim must be dismissed as duplicative of the breach of contract claim, *McNeil* considered—and rejected—that argument reasoning "[a]t this early stage of a proceeding, plaintiffs are entitled to plead alternative and inconsistent causes of action and to seek alternative forms of relief."  *Id.* at *5 (internal citation omitted).

Second, with respect to the permissible overlap between the breach of contract claim and GBL § 349 claim, *McNeil* explained that New York courts "do not establish" a requirement that plaintiffs plead separate damages and causation predicates for each.  *Id.* at *6.  Regardless, the court explained, Plaintiff's GBL allegation—that "Capital One engaged in deceptive business acts and practices . . . by defining the key term 'item' in an unexpected and misleading way,"—"*is* separate from the breach of contract claim . . . ."  *Id.* (emphasis in original).  In denying dismissal of the GBL claim, *McNeil* noted "whether the Account Agreements are actually misleading," is a "question [] better suited for the fact finder."  *Id.* (citation omitted).

Finally,, with respect to preemption under the National Bank Act and OCC regulations, *McNeil* explained "Plaintiff does not challenge Capital One's right to charge an overdraft or non-sufficient funds [] fees, nor seek to significantly interfere with the bank's

exercise of its powers" but "[r]ather Plaintiff alleges Capital One abused its power to assess

NSF fees . . . ." *Id.* at *3 (internal quotations omitted). Accordingly, *McNeil* reasoned

"federal courts recognize[] that a bank has the right to charge overdraft fees, but that it is *not*

*authorized* to ignore general contract or tort law," and concluded "federal courts have

declined to hold that state law claims, based on both statutory and common law, are

preempted by the NBA or OCC regulations." *Id.* at *3 (internal citations omitted) (emphasis

in original).

Second, in *Roy v. ESL Federal Credit Union*, No. 19-cv-6122-FPG-MJP (W.D.N.Y.

Sept. 30, 2020), attached as **Exhibit B**, Judge Geraci of the Western District of New York

similarly denied a motion to dismiss a complaint alleging improper assessment of more than

one NSF Fee on the same item. In a detailed opinion surveying numerous authorities, the

court found plaintiff stated claims for breach of contract and violation of GBL §349, and

rejected defendant's preemption argument.

Regarding the contractual claim, the court considered the parties competing

interpretations of the undefined term "Item" in the credit union's Disclosure Agreement,

which provided:

> An Overdraft/Insufficient Funds fee will be charged to your share draft account,
> in accordance with our Fee Schedule, for each overdraft Item that is cleared on
> your share draft account. In addition, an Overdraft/Insufficient Funds fee will
> be charged by ESL for each "insufficient funds" item presented for payment
> and returned unpaid on a share draft account.

*Id.* at *14. Under plaintiff's interpretation, the Court explained, "'item' could

reasonably refer to an original, customer-authorized transaction, which, no matter

how many times it is resubmitted, is still the same transaction." *Id.* Under

defendant's interpretation, the Court explained, "[t]he phrase 'presented for payment'

could be considered superfluous unless it is interpreted as ESL suggests to mean that

an OD/NSF fee will be charged 'each time' an item is presented for payment and

returned unpaid." *Id.* at *15. Weighing against ESL's interpretation—and

suggesting ambiguity—was "the fact that ESL did not simply say that an OD/NSF

fee could be charged 'each time' an item is presented for payment and returned

unpaid." *Id.* Accordingly, the Court denied the motion to dismiss "find[ing] the

cases cited by Plaintiff to be more persuasive, especially since ambiguities must be

resolved in Plaintiff's favor. *Id.* at *18.

Regarding plaintiff's GBL claim, the court declined to dismiss merely on the

argument that it was duplicative of the breach of contract claim, citing recent Second

Circuit authority for the proposition that "no broad requirement of damages

independent from breach of contract damages exists for GBL claims." *Id.* at *20

(citation omitted). Accordingly, plaintiff's allegations that ESL's acts "were

misleading because they were contrary to its contractual promises," and that she

"was injured because her account was debited in violation of her agreements with

ESL" were sufficient to state a claim under GBL §349. *Id.* at *19-20.

Regarding preemption, defendant argued that "at bottom [plaintiff] is seeking

to hold a federally chartered credit union liable for allegedly failing to adequately

disclose its overdraft and insufficient funds practices[,] and [t]he requirement to

make particular disclosures falls squarely within the purview of federal banking

regulation and is expressly preempted." *Id.* at *21. The Court, however, explained

that plaintiff "is not attempting to dictate to ESL what fees it may charge, or how it

may charge them, or what disclosures it may make, . . ." but rather "alleging that

4

ESL disclosed its overdraft and insufficient funds practices in the Account Agreement but failed to abide by those practices in accordance with the agreement." *Id.* Accordingly, consistent with other federal courts, the Court found plaintiff's claims were not preempted and declined to dismiss them on that basis. *Id.* at *22.

This Court should adopt the reasoning in *McNeil*, *Roy*, and the authorities previously provided, and should deny HSBC's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,


Dated:   October 2, 2020                        /s/ David M. Berger

David M. Berger
Eric H. Gibbs
GIBBS LAW GROUP, LLP
501 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
dmb@classlawgroup.com
ehg@classlawgroup.com

John A. Kehoe (JK-4589)
KEHOE LAW FIRM, P.C.
41 Madison Avenue, 31st Floor
New York, NY 10010
(212) 804-7700
jkehoe@kehoelawfirm.com

Jeffrey Kaliel
Kaliel PLLC
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
202-350-4783
jkaliel@kalielpllc.com

Counsel for Plaintiffs and the Proposed Classes