# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
BOB MCNEIL, individually and on
behalf of all others similarly situated,

                    Plaintiff,

      -against-

CAPITAL ONE BANK, N.A.,

                    Defendant.

-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-cv-00473-FB-RER

Appearances:
*For the Plaintiff*:               *For the Defendant*:
Jeffrey D. Kaliel           Jessica Kaufman
Kaliel PLLC                Morrison & Foerster LLP
1875 Connecticut Ave., NW    250 West 55th Street
Washington, DC 20009        New York, New York 10019

**BLOCK, Senior District Judge:**

Plaintiff Bob McNeil ("McNeil") brings claims against Capital One Bank, N.A. ("Capital One") for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violation of New York General Business Law—each claim relating to fees Capital One assessed for "overdraft" and/or "non-sufficient funds" transactions. Capital One now moves under Federal Rule of Civil Procedure 12(b)(6) for dismissal of all of Plaintiffs claims. For the following reasons, the Court dismisses Plaintiff's claim for unjust enrichment but denies Capital One's motion in all other respects.

1

## I.

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding a Rule 12(b)(6) motion to dismiss . . . the Court's role is not to resolve ambiguities in the language of the contract." *DKR Capital, Inc. v. AIG Int'l W. Broadway Fund, Ltd.*, 2003 WL 22283836, at *4 (S.D.N.Y. Oct. 2, 2003) (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 897 (2d Cir.1976)).

## II.

1. Preemption.

First, Capital One argues that each of Plaintiff's claims "must be dismissed for [the] independent reason" that the National Bank Act, 12 U.S.C. § 1 *et seq.* and OCC regulations, 12 C.F.R. 7.4002, 7.4007, "preempt any state law or cause of action that prevent[] or significantly interfere[] with the national bank's exercise of its powers." Def.'s Mem. at 24 (citing *Gutierrez v. Wells Fargo Bank, NA*, 704 F.3d 712, 722 (9th Cir. 2012)).

Capital One misreads the Complaint and the applicable law. To start, Plaintiff does not challenge Capital One's right to charge an overdraft or non-sufficient funds

2

("NSF") fees, nor seek to "significantly interfere" with the bank's "exercise of its powers." Rather, Plaintiff alleges Capital One abused its power to assess NSF fees in breach of the Deposit Agreement, EFT Agreement, and Schedule of Fees (together, the "Account Agreements") and in violation of New York common law.

Additionally, federal courts "recognize[] that a bank has the right to charge overdraft fees, but that it is *not authorized* to ignore general contract or tort law." *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 46 (E.D.N.Y.) (internal quotation omitted) (emphasis added). As such, federal courts "have declined to hold that state claims, based on both statutory and common law, are preempted by the NBA or OCC regulations." *Id.*

Accordingly, Capital One is not entitled to dismissal on preemption grounds.

2.      Breach of Contract & Covenant of Good Faith-Fair Dealing.

Capital One next argues that Plaintiff's claims for breach of contract and the covenant of good faith and fair dealing are dismissible as (1) Capital One charged fees in accordance with the Account Agreements and thus did not breach any contractual terms; (2) Plaintiff did not, himself, comply with the Account Agreements; and (3) Plaintiff may not claim breach of an implied covenant when the predicate conduct is the same as for Plaintiff's breach of contract claim. The Court disagrees with each assertion.

At bottom, Plaintiff's Complaint presents an issue of contractual interpretation—namely, whether the Account Agreements authorize Capital One to assess multiple "overdraft" and/or "non-sufficient funds" fees on transactions that the bank re-processes one or more times after issuing a return for insufficient funds.[1] According to Capital One, the Account Agreements permit it to "charge a fee for *each item* returned in accordance with [its fee schedule]," and each request for payment constitutes a discrete "item" subject to such fees—even where a request is simply being re-processed. Def.'s Mem. at 17. Plaintiff, for his part, contends that "common sense and . . . industry usage of the term 'item'" dictate that an "'item' cannot become a new 'item' when Capital One returns and reprocesses it one or more times." Pl.'s Mem. at 5–6; *id.* at 11 ("The [Account Agreements] say[] an NSF Fee can be charged on each '*item*,' not 'each *time* an item is processed.'").

Here, "[b]oth parties have offered reasonable interpretations" of the Account Agreements, *Information Superhighway, Inc. v. Talk Am., Inc.,* 274 F.Supp.2d 466, 471 (S.D.N.Y.2003), and a "claim predicated on a materially ambiguous contract term is not dismissible on the pleadings." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust. Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004).

---

[1] In this case, Capital One charged $70 in NSF fees on Plaintiff's single attempted $43 payment to PayPal. Compl. ¶ 29.

Also unavailing is Capital One's contention that Plaintiff's claims should be dismissed as Plaintiff "does not allege that [he] complied with contractual and [Electronic Funds Transfer Act] error notification provisions." Def.'s Mem. at 20.[2] In particular, the "notification provisions" Capital One cites only contemplate notice where a third party caused an unauthorized loss, but Plaintiff's claim is that Capital One—not third parties—caused the unauthorized loss by improperly charging multiple NSF Fees for re-processed transactions. *See* EFT Agreement at 5 ("Notify us immediately if you believe your ATM/Debit Card has been lost or stolen, or if you believe that an electronic fund transfer has been made without your permission.").

Nor has Capital One shown that Plaintiff's "implied covenant claim" should be dismissed as "duplicative of his breach of contract claim." Def.'s Mem. at 23. At this early stage of a proceeding, plaintiffs are "entitled to plead alternative and inconsistent causes of action and to seek alternative forms of relief." *Gold v. 29-15 Queens Plaza Realty, LLC*, 841 N.Y.S.2d 668, 669 (2d Dept. 2007).

---

[2] Specifically, Capital One posits that "[b]ecause Plaintiff does not allege that he notified Capital One of the allegedly unauthorized resubmitted PayPal transactions and the associated fees, he fails to sufficiently plead his own performance or damages, both of which are required to state a claim." Def.'s Mem. at 20.

3. New York General Business Law § 349.

Next, Capital One submits that Plaintiff's claim under New York's General Business Law § 349 should be dismissed as it "merely restates Plaintiff's breach of contract claim," and because Plaintiff fails to allege an injury caused "*as a result* of any alleged misrepresentation by Capital One." Def.'s Mem. at 30.[3]

First, Capital One does not cite a single case holding that plaintiffs must plead separate damages and causation predicates for GBL § 349 and breach of contract claims. Indeed, New York courts "do not establish such a requirement." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 125 (2d Cir. 2017). Moreover, Plaintiff's claim is that "Capital One engaged in deceptive business acts and practices under the GBL by defining the key term 'item' in an unexpected and misleading way." Pl.'s Mem. at 17, Compl. ¶ 105. That allegation *is* separate from the breach of contract claim, and (as noted already) Plaintiff may plead alternative causes of action. *Gold*, 841 N.Y.S.2d at 669. To the extent Capital One disputes whether the Account Agreements are actually misleading, that "question [is] better suited for the fact-finder in this case." *Segovia v. Vitamin Shoppe, Inc.*, 2017 WL 6398747, at *4 (S.D.N.Y. Dec. 12, 2017).

---

[3] "To state a claim under Section 349 [of the General Business Law], a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir.2009).

6

Also, contrary to Capital One's assertion, Plaintiff need not "allege[] that he ever read the Account Agreements to satisfy causation." Def.'s Mem. at 31. Under New York law, "[t]he Court of Appeals has been clear that a plaintiff *need not show* that s/he *relied* on the misrepresentations in order to have a claim under GBL § 349." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 43 (E.D.N.Y. 2008); *see also Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 575 (E.D.N.Y. 2015) ("[T]o state a claim under Section 349, plaintiffs need not allege they relied on defendants' misrepresentations.").

Accordingly, Capital One is not entitled to dismissal of Plaintiff's claim under GBL § 349.

4.    Unjust Enrichment.

Finally, Capital One urges that Plaintiff's unjust enrichment claim must be dismissed as "the relationship between Plaintiff and Capital One is governed by a contract." Def.'s Mem. at 29.

The Court agrees: "While plaintiffs are generally free to plead alternative and contradictory theories of recovery pursuant to Federal Rules of Civil Procedure 8(d)(2) and (3), [Plaintiff's] failure to allege that the contracts at issue are invalid or unenforceable precludes it . . . from seeking quasi-contractual recovery for events arising out of the same subject matter." *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 196 (S.D.N.Y. 2009); *see also Spread*

*Enterprises, Inc. v. First Data Merch. Servs. Corp.*, 2012 WL 3679319, at \*6 (E.D.N.Y. Aug. 22, 2012) ("[B]ecause there exists a valid binding contract governing the issues in question the Plaintiff's claim for unjust enrichment is dismissed as duplicative.").

Given that Plaintiff does not allege the Account Agreements are invalid or unenforceable, his unjust enrichment claim fails as a matter of law.

III.

For the foregoing reasons, Defendants' motion is denied except as to Plaintiff's claim for unjust enrichment.

**SO ORDERED**.


    /S/ Frederic Block         
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 29, 2020