UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br> vs.<br><br>HSBC BANK USA, N.A.<br><br>      Defendant. | Civil Action No. 19-cv-10436<br><br>**FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |

  Plaintiff Patrice Chambers respectfully submits this attached order as supplemental authority to advise the court of a recent decision in support of Plaintiff's Opposition to Motion to Dismiss (ECF No. 26).

  In a new, well-reasoned opinion attached hereto as **Exhibit A**, Judge Dale Fischer of the Central District of California denied a motion to dismiss in a case challenging the identical fee practices at issue here. In *Varga v. American Airlines Credit Union*, Case No. 2:20-cv-04380 (C.D. Cal.) (Doc. 34) (December 1, 2020), Plaintiff challenged the assessment of multiple NSF fees on "retry" items. The court held:

> [that] the disclosure states "[w]e assess a fee for each item that we either pay, which results in an overdraft, or do not pay, which would have resulted in an overdraft had we paid it," could lead a consumer to believe that only one fee (indicated by the singular "a fee") would be levied for each item the consumer attempted to purchase, not for each attempt by the merchant to process the transaction. Further, AAFCU's statement that the NSF fee is "$25/each" does not clarify anything, as there is no indication of what "each" modifies. Construing the ambiguous language against the drafter, a consumer could believe that the "each" refers to the specific item the consumer attempts to purchase, not the attempt to process the transaction.

*Id*., at 8-9 (citation omitted).

1

In so holding, the court rejected Defendant's argument that the language was unambiguous, and the use of "each" in the Account Agreement does not prohibit charging multiple Retry Fees. Identical reasoning applies here where HSBC makes the same argument regarding the language in its Fee Schedule and the use of "each." As such, this Court should adopt the reasoning in *Varga* and deny Defendant's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

Dated:  December 4, 2020                /s/ David M. Berger

David M. Berger
Eric H. Gibbs
GIBBS LAW GROUP, LLP
501 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
dmb@classlawgroup.com
ehg@classlawgroup.com

John A. Kehoe (JK-4589)
KEHOE LAW FIRM, P.C.
41 Madison Avenue, 31st Floor
New York, NY 10010
(212) 804-7700
jkehoe@kehoelawfirm.com

Jeffrey Kaliel
Kaliel PLLC
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
202-350-4783
jkaliel@kalielpllc.com

Counsel for Plaintiffs and the Proposed Classes