**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A.,<br><br>                 Defendant. | Civil Action No.  1:19-cv-10436-ER<br><br>Hon. Edgardo Ramos<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF HSBC BANK USA, N.A.** |

HSBC Bank USA, N.A. ("HSBC) hereby answers the Complaint filed by Patrice Chambers ("Plaintiff") as follows:

## INTRODUCTION

1.      When consumers open a checking account with their bank, they have to enter into a standard contract written by the bank and its lawyers. All the bank has to do is honor the contract it wrote and comply with the terms it dictated.

**RESPONSE:**      **Answering Paragraph 1 of the Complaint, HSBC states that Paragraph 1 contains no allegations directed towards HSBC and therefore no response is required.**

2.      HSBC promises its customers that if their account balance drops too low to cover a particular "item," such as a check, withdrawal, or service charge, HSBC will charge the customer a single $35 insufficient funds fee ("NSF Fee") per item. But as Ms. Chambers and consumers all over the country have discovered, HSBC doesn't abide by this promise. Instead, HSBC routinely charges its customers multiple NSF Fees for the same item, driving their account balances deeper into negative territory.

**RESPONSE:**      **Answering Paragraph 2 of the Complaint, HSBC denies the allegations contained therein.**

3.      HSBC's customers have been injured by the Bank's improper practices to the tune of millions of dollars bilked from their accounts in violation HSBC's clear contractual commitments.

**RESPONSE:      Answering Paragraph 3 of the Complaint, HSBC denies the allegations contained therein.**

4.      Ms. Chambers, on behalf of herself and two Classes of similarly situated consumers, seeks to end HSBC's abusive and predatory practices and force it to refund all of these improper charges. She asserts claims for breach of contract; breach of the covenant of good faith and fair dealing; violation of state consumer protection law; and/or unjust enrichment, and seeks damages, restitution, and injunctive relief, as set forth more fully below.

**RESPONSE:      Answering Paragraph 4 of the Complaint, HSBC admits that, in this action, Plaintiff asserts a claim for breach of contract against HSBC on behalf of herself and two putative classes but denies that class treatment is appropriate here, denies any allegations of wrongdoing, and denies that either Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC.**

## PARTIES

5.      Patrice Chambers is a resident of Patchogue, New York, and holds an HSBC checking account.

**RESPONSE:      Answering Paragraph 5 of the Complaint, HSBC admits that Plaintiff has a checking account with HSBC.  Except as expressly admitted, HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies the allegations contained therein.**

6.      Defendant HSBC Bank is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative Classes. HSBC has its headquarters in New York, New York. HSBC has more than $200 billion in assets and provides banking services to over 2.4 million customers. It operates more than 229 bank branches throughout the United States. There are over 145 in New York as well as branches in: California;

Connecticut; Delaware; Washington, D.C.; Florida; Maryland; New Jersey; Pennsylvania;

Virginia; and Washington.

**RESPONSE:** **Answering Paragraph 6 of the Complaint, HSBC admits that, in compliance with applicable laws and regulations, it provides retail banking services to consumers across the country. HSBC further states that it is a national banking association chartered under the National Bank Act, , 12 U.S.C. § 21, et seq., with its principal place of business is in McLean, Virginia. Except as expressly admitted, HSBC denies the allegations in Paragraph 6.**

## JURISDICTION AND VENUE

7.       This Court has original jurisdiction of this action under the Class Action Fairness

Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction

because (1) the proposed Classes are comprised of at least 100 members; (2) proposed class

members reside in at least ten states, meaning at least one member of the proposed classes

resides outside of New York; and (3) the aggregate claims of the putative class members exceed

$5 million, exclusive of interest and costs.

**RESPONSE:** **Answering Paragraph 7 of the Complaint, HSBC states that, for purposes of this action only, it does not challenge jurisdiction, but denies that class treatment is appropriate here, denies any allegations of wrongdoing, and denies that either Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC**

8.       Venue is proper in this district pursuant to 28 U.S.C. § 1391 because HSBC is

subject to personal jurisdiction here and regularly conducts business in this District, and because

a substantial part of the events or omissions giving rise to the claims asserted herein occurred in

this district.

**RESPONSE:** **Answering Paragraph 8 of the Complaint, HSBC states that, for purposes of this action only, it does not challenge venue, but denies any allegations of wrongdoing and denies that Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC.**

LA 52525901

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### I.     HSBC CHARGES MORE THAN ONE NSF FEE ON THE SAME ITEM

9.     HSBC's Rules for Consumer Deposit Accounts ("Deposit Agreement") and Fee Schedule (collectively "Account Documents") allow it to charge a *single* $35 NSF Fee or a *single* $35 OD Fee when an item is returned for insufficient funds or paid despite insufficient funds.

**RESPONSE:     Answering Paragraph 9 of the Complaint, HSBC states that the Rules for Consumer Deposit Accounts and Fee Schedule governing Plaintiff's account speak for themselves and denies any allegations that are inconsistent therewith.**

10.     HSBC breaches its contract by charging more than one $35 NSF Fee on the same item, since the contract explicitly states—and reasonable consumers understand—that the same item can only incur a single NSF or OD Fee.

**RESPONSE:     Answering Paragraph 10 of the Complaint, HSBC denies the allegations contained therein.**

11.     HSBC's abusive practices are not standard within the financial services industry. Indeed, major banks like JP Morgan Chase—the largest consumer bank in the country—charge one NSF Fee per item, even if that item is resubmitted for payment multiple times.[1] And while some other banks engage in the same practices as HSBC, they clearly disclose those charges in the deposit agreements with their customers.

**RESPONSE:     Answering Paragraph 11 of the Complaint, and with respect to the allegations directed toward it, HSBC denies the allegations contained therein.  Paragraph 11 otherwise contains no allegations directed towards HSBC and therefore no response is required.**

---

[1] As indicated by Chase's printed disclosures, an "item" maintains its integrity even if multiple processes are affected on it: "If we return the same item multiple times, we will only charge you one Returned Item Fee for that item within a 30-day period."

LA 52525901

12.     HSBC's Deposit Agreement does not say that HSBC repeatedly charges customers multiple NSF fees on a single item. To the contrary, the Deposit Agreement indicates it will only charge a single NSF Fee or OD Fee on an item.

**RESPONSE:**     **Answering Paragraph 12 of the Complaint, HSBC states that the Deposit Agreement governing Plaintiff's account speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, HSBC denies any allegations of wrongdoing and denies that Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC.**

**A.     Plaintiff Chambers's Experience.**

13.     In support of her claims, Plaintiff offers examples of fees that should not have been assessed against her checking account. As alleged below, HSBC: (a) reprocessed previously declined items; and (b) charged an additional fee upon reprocessing, for a total assessment of *$70 in fees on each item*.

**RESPONSE:**     **Answering Paragraph 13 of the Complaint, HSBC denies the allegations contained therein.**

14.     On May 17, 2019, Plaintiff Chambers attempted a payment to Santander.

**RESPONSE:**     **Answering Paragraph 14 of the Complaint, HSBC states that Paragraph 14 contains no allegations directed towards HSBC and therefore no response is required.**

15.     HSBC rejected payment of that item due to insufficient funds in Plaintiff's account and charged her a $35 NSF Fee for doing so. Plaintiff does not dispute this initial fee, as it is allowed by HSBC's Deposit Agreement.

**RESPONSE:**     **Answering Paragraph 15 of the Complaint, HSBC admits that a payment to Geico posted to Plaintiff's account.  That payment was not paid due to insufficient funds in Plaintiff's account and a service fee for insufficient funds was assessed.**

16.     Unbeknownst to Plaintiff, and without her request to HSBC to reprocess the item, however, twelve days later, on May 29, 2019, HSBC processed the same item yet again, with

HSBC labeling the transaction a RETRY PYMT on her statements. Again, HSBC returned the item unpaid and charged Plaintiff *another* $35 NSF Fee for doing so.

**RESPONSE:**     **Answering Paragraph 16 of the Complaint, HSBC denies the allegations contained therein.**

17.     In sum, HSBC assessed Plaintiff $70 in fees in its effort to process a single payment.

**RESPONSE:**     **Answering Paragraph 17 of the Complaint, HSBC denies the allegations contained therein.**

18.     Plaintiff understood the payment to be a single item as is laid out in HSBC's contract, capable at most of receiving a single NSF Fee (if HSBC returned it) or a single OD Fee (if HSBC paid it).

**RESPONSE:**     **Answering Paragraph 18 of the Complaint, HSBC states that Paragraph 18 contains no allegations directed towards HSBC and therefore no response is required.  To the extent a response is required, HSBC states that the Rules for Consumer Deposit Accounts and Fee Schedule governing Plaintiff's account speak for themselves and denies any allegations that are inconsistent therewith.**

19.     Similarly, on June 21, 2019, Plaintiff Chambers attempted a payment to Geico.

**RESPONSE:**     **Answering Paragraph 19 of the Complaint, HSBC states that Paragraph 19 contains no allegations directed towards HSBC and therefore no response is required.**

20.     HSBC rejected payment of that item due to insufficient funds in Plaintiff's account and charged her a $35 NSF Fee for doing so. Plaintiff does not dispute this initial fee, as it is allowed by HSBC's Deposit Agreement.

**RESPONSE:**     **Answering Paragraph 20 of the Complaint, HSBC admits that a payment to Geico posted to Plaintiff's account.  That payment was not paid due to insufficient funds in Plaintiff's account and a service fee for insufficient funds was assessed.**

21.     Unbeknownst to Plaintiff, and without her request to HSBC to reprocess the item, however, six days later, on June 27, 2019, HSBC processed the same item yet again, with HSBC

labeling the transaction a RETRY PYMT on her statements. Again, HSBC again returned the

item unpaid and charged Plaintiff *another* $35 NSF Fee for doing so.

**RESPONSE:**    **Answering Paragraph 21 of the Complaint, HSBC denies the allegations contained therein.**

22.    In sum, HSBC assessed Plaintiff $70 in fees in its effort to process a single

payment.

**RESPONSE:**    **Answering Paragraph 22 of the Complaint, HSBC denies the allegations contained therein.**

23.    Plaintiff understood the payment to be a single item as is laid out in HSBC's

contract, capable at most of receiving a single NSF Fee (if HSBC returned it) or a single OD Fee

(if HSBC paid it).

**RESPONSE:**    **Answering Paragraph 23 of the Complaint, HSBC states that Paragraph 23 contains no allegations directed towards HSBC and therefore no response is required.  To the extent a response is required, HSBC states that the Rules for Consumer Deposit Accounts and Fee Schedule governing Plaintiff's account speak for themselves and denies any allegations that are inconsistent therewith.**

**B.**    **The Imposition of Multiple NSF Fees on a Single Item Violates HSBC's Express Promises and Representations.**

24.    HSBC's Account Documents state that the Bank will assess a single fee of $35 for

an item that is returned due to insufficient funds.

**RESPONSE:**    **Answering Paragraph 24 of the Complaint, HSBC states that the Rules for Consumer Deposit Accounts and Fee Schedule governing Plaintiff's account speak for themselves and denies any allegations that are inconsistent therewith.**

25.    According to the Fee Schedule, at most a *single* fee will be assessed when an

"item" is returned or paid into overdraft:

| Insufficient Funds (NSF) | $35 | For each withdrawal, check, electronic funds transfer or other item that overdraws your account. A fee is charged whether we pay or return the item. Example: When a check is presented for payment from your account and you don't have enough money to cover the check, we return or pay it and charge a fee. However, if your ledger balance at the end of the Business Day is overdrawn by $10 or less, there is no fee. |
|---|---|---|

Fee Schedule, Ex. A (emphasis added).

**RESPONSE:**     **Answering Paragraph 25 of the Complaint, HSBC states that the Fee Schedule governing Plaintiff's account speaks for itself and denies any allegations that are inconsistent therewith.**

26.     The same check, automatic bill payment, or other electronic payment on an

account is not a new "item" each time it is rejected for payment then reprocessed, especially

when—as here—Plaintiff took no action to resubmit the item.

**RESPONSE:**     **Answering Paragraph 26 of the Complaint, HSBC states that the Fee Schedule governing Plaintiff's account speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, HSBC denies the allegations contained in Paragraph 26.**

27.     The Account Documents do not say that the same item is eligible to incur multiple

NSF Fees. Indeed, the HSBC Account Agreement says that an "item . . . *includes*" all of the

following, all of which are created only by the affirmative action of an accountholder:

> An "item" includes checks, substitute checks, remotely created checks, withdrawal slips or other in-person transfers or withdrawals, service charges, electronic items or transactions, including withdrawals made from an Automated Teller Machine, everyday or recurring debit card transactions, pre-authorized payments or transfers, ACH transactions, telephone initiated transfers, online banking transfers or bill payment instructions, and any other instruments or instructions for the payment, transfer or withdrawal of funds including an image or photocopy of any of these.

Deposit Agreement, Ex. B at 4.

**RESPONSE:**     **Answering Paragraph 27 of the Complaint, HSBC states that the Rules for Consumer Deposit Accounts governing Plaintiff's account speak for itself denies any allegations that are inconsistent therewith.**

28.     Even if HSBC reprocesses an instruction for payment, it is still the same item.

The Bank's reprocessing is simply another attempt to effectuate an accountholder's original

order or instruction.

**RESPONSE:**     **Answering Paragraph 28 of the Complaint, HSBC denies the allegation contained therein.**

29.     As alleged herein, Plaintiff took only a single action to make a single payment;

she therefore created only one item and may be charged only a single fee.

**RESPONSE:**     **Answering Paragraph 29 of the Complaint, HSBC denies that the allegation that Plaintiff created only one item and may be charged only a single NSF fee.  HSBC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies the allegations contained therein.**

30.     The disclosures described above never discuss a circumstance where HSBC may

assess multiple NSF Fees for an item that was returned for insufficient funds and later

reprocessed one or more times and returned again.

**RESPONSE:**     **Answering Paragraph 30 of the Complaint, HSBC states that the Rules for Consumer Deposit Accounts and Fee Schedule governing Plaintiff's account speak for themselves and denies any allegations that are inconsistent therewith.**

31.     In sum, HSBC promises that one $35 NSF Fee or one $35 OD Fee will be

assessed per item, and this must mean all iterations of the same instruction for payment. As such,

HSBC breached the contract when it charged more than one fee per item.

**RESPONSE:**     **Answering Paragraph 31 of the Complaint, HSBC states that the Rules for Consumer Deposit Accounts and Fee Schedule governing Plaintiff's account speak for themselves and denies any allegations that are inconsistent therewith.  To the extent a response is required, HSBC denies the allegations in Paragraph 31.**

32.     A reasonable consumer would understand that HSBC's Account Documents

permit it to assess an NSF Fee only once per "item."

**RESPONSE:**     **Answering Paragraph 32 of the Complaint, HSBC states that Paragraph 32 contains no allegations directed towards HSBC and therefore no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 32.**

33.     Taken together, the representations and omissions identified above convey to customers that all submissions for payment of the same transaction will be treated as the same "item," which the Bank will either pay (resulting in an overdraft item) or return (resulting in a returned item) when it decides there are insufficient funds in the account. Nowhere does HSBC disclose that it will treat each reprocessing of a check or ACH payment as a separate item, subject to additional fees, nor do HSBC customers ever agree to such fees.

**RESPONSE:**     **Answering Paragraph 33 of the Complaint, HSBC denies the allegations contained therein.**

34.     Customers reasonably understand, based on the language of the Account Documents, that the Bank's reprocessing of checks or ACH payments are simply additional attempts to complete the original order or instruction for payment, and as such, will not trigger additional NSF Fees. In other words, it is always the same item.

**RESPONSE:**     **Answering Paragraph 34 of the Complaint, HSBC denies the allegations contained therein.**

35.     Banks like HSBC that employ this abusive multiple fee practice know how to plainly and clearly disclose it. Indeed, other banks and credit unions that do engage in this abusive practice disclose it expressly to their accountholders—something HSBC never did.

**RESPONSE:**     **Answering Paragraph 35 of the Complaint, HSBC denies the allegations contained therein.**

36.     For example, First Hawaiian Bank engages in the same abusive practices as HSBC, but at least currently discloses it in its online banking agreement, in all capital letters, as follows:

LA 52525901

YOU AGREE THAT MULTIPLE ATTEMPTS MAY BE MADE TO SUBMIT
A RETURNED ITEM FOR PAYMENT AND THAT **MULTIPLE FEES MAY
BE CHARGED TO** YOU AS A RESULT OF A RETURNED ITEM AND
RESUBMISSION.

*Terms and Conditions of FHB Online Services*, First Hawaiian Bank 40, https://www. fhb.com/

en/assets/File/Home_Banking/FHB_Online/Terms_and_Conditions_of_FHB_Online_Services_

RXP1.pdf (last accessed September 25, 2019) (emphasis added).

**RESPONSE:**       **Answering Paragraph 36 of the Complaint, HSBC states that Paragraph
36 contains no allegations directed towards HSBC and therefore no
response is required.  To the extent a response is required, HSBC states
that the referenced document speaks for itself and denies any allegations
that are inconsistent therewith.**

37.     Klein Bank similarly states in its online banking agreement:

[W]e will charge you an NSF/Overdraft Fee each time: (1) a Bill Payment
(electronic or check) is submitted to us for payment from your Bill Payment
Account when, at the time of posting, your Bill Payment Account is overdrawn,
would be overdrawn if we paid the item (whether or not we in fact pay it) or does
not have sufficient available funds; or (2) we return, reverse, or decline to pay an
item for any other reason authorized by the terms and conditions governing your
Bill Payment Account. **We will charge an NSF/Overdraft Fee as provided in
this section regardless of the number of times an item is submitted or
resubmitted to us for payment, and regardless of whether we pay the item or
return, reverse, or decline to pay the bill payment**.

*Consumer and Small Business Online Access Agreement*, Klein Bank ¶ H,

https://www.kleinbankonline.com/bridge/disclosures/ib/disclose.html (last accessed September

25, 2019) (emphasis added).

**RESPONSE:**       **Answering Paragraph 37 of the Complaint, HSBC states that Paragraph
37 contains no allegations directed towards HSBC and therefore no
response is required.  To the extent a response is required, HSBC states
that the referenced document speaks for itself and denies any allegations
that are inconsistent therewith.**

38.     Central Pacific Bank, a leading bank in Hawai'i, states in its Fee Schedule under

the "MULTIPLE NSF FEES" subsection: "Items and transactions (such as, for example, checks

and electronic transactions/payments) returned unpaid due to insufficient/non-sufficient ("NSF")

funds in your account, may be resubmitted one or more times for payment, and a $32 fee will be imposed on you each time an item and transaction resubmitted for payment is returned due to insufficient/nonsufficient funds." *Miscellaneous Fee Schedule*, Central Pacific Bank 1 (Feb. 15, 2019), https://www.centralpacificbank.com/PDFs/Miscellaneous-Fee-Schedule.aspx.

**RESPONSE:**        **Answering Paragraph 38 of the Complaint, HSBC states that Paragraph 38 contains no allegations directed towards HSBC and therefore no response is required.  To the extent a response is required, HSBC states that the referenced document speaks for itself and denies any allegations that are inconsistent therewith.**

39.    BP Credit Union likewise states: "We may charge a fee each time an item is submitted or resubmitted for payment; therefore, you may be assessed more than one fee as a result of a returned item and resubmission(s) of the returned item."

**RESPONSE:**        **Answering Paragraph 39 of the Complaint, HSBC states that Paragraph 39 contains no allegations directed towards HSBC and therefore no response is required.  To the extent a response is required, HSBC states that the referenced document speaks for itself and denies any allegations that are inconsistent therewith.**

40.    HSBC provides no such disclosure, and in so doing, breaches its contracts with accountholders, engages in bad faith conduct, and deceives its accountholders.

**RESPONSE:**        **Answering Paragraph 40 of the Complaint, denies the allegations contained therein.**

**C.    The Imposition of Multiple NSF Fees on a Single Item Breaches HSBC's Duty of Good Faith and Fair Dealing.**

41.    Parties to a contract are required not only to adhere to the express conditions in the contract, but also to act in good faith when they are vested with a discretionary power over the other party. In such circumstances, the party with discretion is required to exercise that power and discretion in good faith. This creates an implied promise to act in accordance with the parties' reasonable expectations and means that the Bank is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, the Bank has a duty to honor

transaction requests in a way that is fair to Plaintiff and its other customers and is prohibited

from exercising its discretion to pile on ever greater penalties. Here—in the adhesion agreements

HSBC foisted on Plaintiff and its other customers—HSBC has provided itself numerous

discretionary powers affecting customers' bank accounts. But instead of exercising that

discretion in good faith and consistent with consumers' reasonable expectations, the Bank abuses

that discretion to take money out of consumers' accounts without their permission and contrary

to their reasonable expectations that they will not be charged multiple fees for the same

transaction.

**RESPONSE:**          **Answering Paragraph 41 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required. To the extent a response is required, HSBC denies the allegations contained in Paragraph 41.**

42.     HSBC exercises its discretion in its own favor—and to the prejudice of Plaintiff

and its other customers—when it defines "item" in a way that directly leads to more NSF Fees.

Further, HSBC abuses the power it has over customers and their bank accounts and acts contrary

to their reasonable expectations under the Deposit Agreement. This is a breach of the Bank's

implied covenant to engage in fair dealing and act in good faith.

**RESPONSE:**          **Answering Paragraph 42 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required. To the extent a response is required, HSBC denies the allegations contained in Paragraph 42.**

43.     By exercising its discretion in its own favor—and to the prejudice of Plaintiff and

other customers—by charging more than one NSF Fee on a single item, HSBC breaches the

reasonable expectation of Plaintiff and other customers and in doing so violates the implied

covenant to act in good faith.

**RESPONSE:**      **Answering Paragraph 43 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required. To the extent a response is required, HSBC denies the allegations contained in Paragraph 43.**

44.      It was bad faith and totally outside Plaintiff's reasonable expectations for HSBC

to use its discretion to assess two or three NSF Fees for a single attempted payment.

**RESPONSE:**      **Answering Paragraph 44 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required. To the extent a response is required, HSBC denies the allegations contained in Paragraph 44.**

## CLASS ACTION ALLEGATIONS

45.      Plaintiff brings this action on behalf of herself and on behalf of all others similarly

situated pursuant to Federal Rule 23. The Classes include:

> All persons who, within the applicable statute of limitations period, were charged multiple NSF Fees for the same debit item in an HSBC checking account (the "Multiple NSF Class").

> All persons who either opened an HSBC checking account in New York or who opened an HSBC checking account via the telephone or Internet, and who, within the applicable statute of limitations period, were charged multiple NSF Fees for the same debit item in an HSBC checking account (the "New York Multiple NSF Class").

**RESPONSE:**      **Answering Paragraph 45 of the Complaint, admits that Plaintiff purports to bring this action as a putative class action but denies that class treatment is appropriate here, denies any allegations of wrongdoing, and denies that Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC.**

46.      Excluded from the Classes are HSBC and its subsidiaries, affiliates, and any

entities in which it has a controlling interest, and each of the officers, directors, immediate family

members, legal representatives, heirs, successors, or assigns of any such excluded party, the

judicial officer(s) to whom this action is assigned, and the members of their immediate families.

**RESPONSE:**     **Answering Paragraph 46 of the Complaint, admits that Plaintiff purports to exclude from the putative classes the entities listed in Paragraph 46 but denies that class treatment is appropriate here, denies any allegations of wrongdoing, and denies that Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC.**

47.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or to add subclasses if necessary before this Court determines whether certification is appropriate.

**RESPONSE:**     **Answering Paragraph 47 of the Complaint, HSBC states that Paragraph 47 contains no allegations directed towards HSBC and therefore no response is required.**

48.     The questions here are ones of common or general interest such that there is a well- defined community of interest among the members of the Classes. These questions predominate over questions that may affect only individual Class members because HSBC has acted on grounds generally applicable to the Classes. Such common legal or factual questions include, but are not limited to:

    a)    Whether HSBC improperly charged NSF Fees;

    b)    Whether any of the conduct enumerated above violates the contract;

    c)    Whether any of the conduct enumerated above violates the covenant of good faith and fair dealing;

    d)    Whether any of the conduct enumerated above constitutes unjust enrichment; and

    e)    The appropriate measure of damages.

**RESPONSE:**     **Answering Paragraph 48 of the Complaint, HSBC denies the allegations contained therein.**

49.     The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identities of whom are within the exclusive knowledge of and can be ascertained only by resort to HSBC's records. HSBC has the administrative capability through its computer systems

and other records to identify all members of the Classes, and such specific information is not

otherwise available to Plaintiff.

**RESPONSE:**        **Answering Paragraph 49 of the Complaint, HSBC denies the allegations
                     contained therein.**

50.       It is impracticable to bring Class members' individual claims before the Court.

Class treatment permits a large number of similarly situated persons or entities to prosecute their

common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory

judgments that numerous individual actions would engender. The benefits of the class

mechanism, including providing injured persons or entities with a method for obtaining redress

on claims that might not be practicable to pursue individually, substantially outweigh any

difficulties that may arise in the management of this class action.

**RESPONSE:**        **Answering Paragraph 50 of the Complaint, HSBC denies the allegations
                     contained therein.**

51.       Plaintiff's claims are typical of the claims of the other members of the Classes in

that they arise out of the same wrongful business practices by HSBC, as described herein.

**RESPONSE:**        **Answering Paragraph 51 of the Complaint, HSBC denies the allegations
                     contained therein.**

52.       Plaintiff is more than an adequate representative of the Classes in that Plaintiff

has an HSBC checking account and has suffered damages as a result of HSBC's contract

violations, HSBC's violations of the covenant of good faith and fair dealing, and HSBC's unjust

enrichment. In addition:

a)        Plaintiff is committed to the vigorous prosecution of this action on behalf
          of herself and all others similarly situated and has retained competent
          counsel experienced in the prosecution of class actions and, in particular,
          class actions on behalf of consumers against financial institutions;

b)        There is no conflict of interest between Plaintiff and the unnamed
          members of the Classes;

    c)    Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

    d)    Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

**<u>RESPONSE:</u>**    **Answering Paragraph 52 of the Complaint, HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies the allegations contained therein.**

53.    Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its treatment as a class action.

**<u>RESPONSE:</u>**    **Answering Paragraph 53 of the Complaint, HSBC states that Paragraph 53 contains no allegations directed towards HSBC and therefore no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 53.**

54.    HSBC has acted or refused to act on grounds generally applicable to each of the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each Class as a whole.

**<u>RESPONSE:</u>**    **Answering Paragraph 54 of the Complaint, HSBC denies the allegations contained therein.**

55.    All conditions precedent to bringing this action have been satisfied and/or waived.

**<u>RESPONSE:</u>**    **Answering Paragraph 55 of the Complaint, HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies the allegations contained therein.**

<u>**CAUSES OF ACTION**</u>

<u>**COUNT I**</u>
<u>**BREACH OF CONTRACT**</u>
**(On Behalf of Plaintiff and the Classes)**

56.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

**<u>RESPONSE:</u>**    **Answering Paragraph 56 of the Complaint, HSBC incorporates its responses to Paragraphs 1 through 55, above, as if fully set forth herein.**

LA 52525901

57.     Plaintiff and HSBC contracted for checking account services, as embodied in the

Deposit Agreement and Fee Schedule.

**RESPONSE:**          **Answering Paragraph 57 of the Complaint, HSBC states that the Rules for Consumer Deposit Accounts and Fee Schedule governing Plaintiff's account speak for themselves and denies any allegations that are inconsistent therewith.**

58.     Defendant mischaracterized in the Account Documents its true NSF Fee practices

and breached the express terms of the Account Documents.

**RESPONSE:**          **Answering Paragraph 58 of the Complaint, HSBC denies the allegations contained therein.**

59.     No contract provision authorizes Defendant to charge more than one NSF Fee on

the same item.

**RESPONSE:**          **Answering Paragraph 59 of the Complaint, HSBC denies the allegations contained therein.**

60.     Defendant has breached its contracts with Plaintiff and the Classes through its

NSF fee policies and practices as alleged herein.

**RESPONSE:**          **Answering Paragraph 60 of the Complaint, HSBC denies the allegations contained therein.**

61.     Plaintiff and members of the putative Classes have performed all of the

obligations on them pursuant to the Bank's agreements.

**RESPONSE:**          **Answering Paragraph 61 of the Complaint, HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies the allegations contained therein.**

62.     Plaintiff and members of the putative Classes have sustained monetary damages

as a result of each of Defendant's breaches.

**RESPONSE:**          **Answering Paragraph 62 of the Complaint, HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies the allegations contained therein.**

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (On Behalf of Plaintiff and the Classes)

63.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing

paragraphs as if fully set forth herein.

**RESPONSE:**     **Answering Paragraph 63 of the Complaint, HSBC incorporates its
responses to Paragraphs 1 through 62, above, as if fully set forth herein.**

64.     Plaintiff and HSBC contracted for checking account services, as embodied in the

Deposit Agreement and Fee Schedule.

**RESPONSE:**     **Answering Paragraph 64 of the Complaint, HSBC states that this
paragraph contains allegations related to claims that were dismissed by
this Court's December 10, 2020 Order and to which no response is
required.  To the extent a response is required, HSBC admits that
Plaintiff has a checking account with HSBC that is governed by HSBC's
Deposit Agreement and Fee Schedule.**

65.     Under New York law and the states wherein HSBC does business, a covenant of

good faith and fair dealing is implied in every contract. The covenant of good faith and fair

dealing constrains Defendant's discretion to abuse self-granted contractual powers.

**RESPONSE:**     **Answering Paragraph 65 of the Complaint, HSBC states that this
paragraph contains allegations related to claims that were dismissed by
this Court's December 10, 2020 Order and to which no response is
required.  To the extent a response is required, HSBC states that
Paragraph 65 contains no allegations directed towards HSBC and
therefore no response is required.**

66.     This good faith requirement extends to the manner in which a party employs

discretion conferred by a contract.

**RESPONSE:**     **Answering Paragraph 66 of the Complaint, HSBC states that this
paragraph contains allegations related to claims that were dismissed by
this Court's December 10, 2020 Order and to which no response is
required.  To the extent a response is required, HSBC states that
Paragraph 66 contains no allegations directed towards HSBC and
therefore no response is required.**

LA 52525901

67.     Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

**RESPONSE:**        **Answering Paragraph 67 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC states that Paragraph 67 contains no allegations directed towards HSBC and therefore no response is required.**

68.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes her conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Other examples of violations of good faith and fair dealing are willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

**RESPONSE:**        **Answering Paragraph 68 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC states that Paragraph 68 contains no allegations directed towards HSBC and therefore no response is required.**

69.     HSBC breached the covenant of good faith and fair dealing through its NSF fee policies and practices as explained herein.

**RESPONSE:**        **Answering Paragraph 69 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 69.**

70.     Each of Defendant's actions was done in bad faith and was arbitrary and

capricious.

**RESPONSE:**       **Answering Paragraph 70 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 70.**

71.     Plaintiff and members of the putative Classes have performed all of the

obligations imposed on them pursuant to the Deposit Agreement.

**RESPONSE:**       **Answering Paragraph 71 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC states that Paragraph 71 contains no allegations directed towards HSBC and therefore no response is required.**

72.     Plaintiff and members of the putative Classes have sustained monetary damages

as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

**RESPONSE:**       **Answering Paragraph 72 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 72.**

<u>**COUNT III**</u>
<u>**UNJUST ENRICHMENT**</u>
<u>**(In the Alternative to COUNT I and COUNT II)**</u>
**(On Behalf of Plaintiff and the Classes)**

73.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing

paragraphs as if fully set forth herein.

**RESPONSE:**       **Answering Paragraph 73 of the Complaint, HSBC incorporates its responses to Paragraphs 1 through 72, above, as if fully set forth herein.**

74.     This Count is brought solely in the alternative to Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims. Plaintiff acknowledges that her breach of contract claim cannot be tried along with unjust enrichment.

**RESPONSE:**          **Answering Paragraph 74 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC states that Paragraph 74 contains no allegations directed towards HSBC and therefore no response is required.**

75.     To the detriment of Plaintiff and the Classes, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

**RESPONSE:**          **Answering Paragraph 75 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 75.**

76.     Plaintiff and the Classes conferred a benefit on Defendant when they paid Defendant the fees that were not disclosed or allowed for in the in the Account Documents.

**RESPONSE:**          **Answering Paragraph 76 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 76.**

77.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

**RESPONSE:**          **Answering Paragraph 77 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 77.**

78.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

LA 52525901

**RESPONSE:**      **Answering Paragraph 78 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 78.**

79.   Plaintiff and the Classes, therefore, seek disgorgement of all wrongfully obtained

fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

**RESPONSE:**      **Answering Paragraph 79 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies any allegations of wrongdoing and denies that Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC.**

## COUNT IV

### New York General Business Law, N.Y. Gen. Bus. Law § 349 *et seq.*
### (On Behalf of the New York Multiple NSF Class)

80.   Plaintiff repeats, realleges, and incorporates by reference each of the foregoing

paragraphs as if fully set forth herein.

**RESPONSE:**      **Answering Paragraph 80 of the Complaint, HSBC incorporates its responses to Paragraphs 1 through 79, above, as if fully set forth herein.**

81.   HSBC's practice of charging more than one NSF Fee on the same item violates

New York General Business Law § 349 ("NY GBL § 349").

**RESPONSE:**      **Answering Paragraph 81 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 81.**

82.   NY GBL § 349 prohibits deceptive acts or practices in the conduct of any

business, trade, or commerce, or in the furnishing of any service in the state of New York.

**RESPONSE:**      **Answering Paragraph 82 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is**

Case 1:19-cv-10436-ER   Document 40   Filed 12/23/20   Page 24 of 30

**required.  To the extent a response is required, HSBC states that NY GBL § 349 speaks for itself and denies any allegations that are inconsistent therewith.**

83.     As one of the largest banks in the United States with its headquarters and multiple branch locations in New York, HSBC conducted business, trade or commerce in New York State.

**RESPONSE:**     **Answering Paragraph 83 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC admits that, in compliance with applicable laws and regulations, it provides retail banking services to consumers in the State of New York.**

84.     In the conduct of its business, trade, and commerce, and in furnishing services in New York, HSBC's actions were directed at consumers.

**RESPONSE:**     **Answering Paragraph 84 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 84.**

85.     In the conduct of its business, trade, and commerce, and in furnishing services in New York, HSBC engaged in deceptive, unfair, and unlawful acts or practices, in violation of NY GBL § 349(a), including but not limited to the following:

a.     HSBC misrepresented material facts, pertaining to the sale and/or furnishing of banking services to the New York Multiple NSF Class by representing and advertising that it would only assess a single $35 NSF Fee for a single item; and

b.     HSBC omitted, suppressed, and concealed the material fact that it would charge multiple $35 NSF Fees for a single item.

**RESPONSE:**     **Answering Paragraph 85 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is**

LA 52525901

- 24 -

required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 85.

86.      HSBC systematically engaged in these deceptive, misleading, and unlawful acts and practices, to the detriment of Plaintiff and members of the New York Multiple NSF Class.

**RESPONSE:**      **Answering Paragraph 86 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 86.**

87.      HSBC willfully engaged in such acts and practices, and knew that it violated NY GBL § 349 or showed reckless disregard for whether they violated NY GBL § 349.

**RESPONSE:**      **Answering Paragraph 87 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 87.**

88.      As a direct and proximate result of HSBC's deceptive trade practices, members of the New York Multiple NSF Class suffered injury and/or damages, including multiple $35 NSF fees charged on a single item, additional charges due to their improperly reduced balances, and the loss of the benefit of their respective bargains with HSBC.

**RESPONSE:**      **Answering Paragraph 88 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 88.**

89.      Had Plaintiff known she could be charged more than one NSF fee on a single item, she would have made different payment decisions so as to avoid incurring such fees or moved her funds to a different bank.

**RESPONSE:**      **Answering Paragraph 89 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC lacks knowledge or**

**information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies the allegations contained therein.**

90.      As a result of HSBC's violations of NY GBL § 349, Plaintiff and members of the putative Classes have paid and will continue to pay excessive fees to HSBC. Accordingly, they have suffered and will continue to suffer actual damages.

**RESPONSE:**      **Answering Paragraph 90 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 90.**

91.      Accordingly, Plaintiff and New York Multiple NSF Class members are entitled to relief under NY GBL § 349(h), including, but not limited to, actual damages, treble damages, statutory damages, injunctive relief, and/or attorney's fees and costs.

**RESPONSE:**      **Answering Paragraph 91 of the Complaint, HSBC states that this paragraph contains allegations related to claims that were dismissed by this Court's December 10, 2020 Order and to which no response is required.  To the extent a response is required, HSBC denies the allegations contained in Paragraph 91.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, demands a jury trial on all claims so triable and judgment as follows:

A.      Certifying the proposed Classes pursuant to Federal Rule of Civil Procedure 23, appointing the Plaintiff as representative of the Classes, and appointing counsel for Plaintiff as lead counsel for the Classes;

B.      Declaring that HSBC's policies and practices as described herein constitute a breach of contract and a breach of the covenant of good faith and fair dealing or unjust enrichment;

C.      Enjoining HSBC from the wrongful conduct as described herein;

LA 52525901

D.      Awarding restitution of all fees at issue paid to HSBC by Plaintiff and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

E.      Compelling disgorgement of the ill-gotten gains derived by HSBC from its misconduct;

F.      Awarding actual and/or compensatory damages in an amount according to proof;

G.      Awarding pre-judgment interest at the maximum rate permitted by applicable law;

H.      Reimbursing all costs, expenses, and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees, costs, and expenses, pursuant to applicable law and any other basis; and

I.      Awarding such other relief as this Court deems just and proper.

**RESPONSE:**      **Answering Plaintiff's Prayer for Relief and all of its subsections, HSBC denies that class treatment is appropriate here, denies any allegations of wrongdoing, and denies that either Plaintiff or the putative classes she purports to represent are entitled to any relief whatsoever from HSBC**

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

**RESPONSE:**      **HSBC admits that Plaintiff has requested a trial by jury.**

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, HSBC, as separate and distinct affirmative defenses to the Complaint and all the remaining claim alleged therein, alleges upon information and belief as follows:

LA 52525901

## FIRST AFFIRMATIVE DEFENSE

### (Standing)

The claims of Plaintiff, and/or any person she purports to represent, are barred, in whole or in part, because Plaintiff, and/or any person she purports to represent, lacks standing to pursue any claim against HSBC.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent that Plaintiff, and/or any person she purports to represent, has suffered any damages as a result of the matters alleged in the Complaint, which HSBC denies, Plaintiff, and/or any person she purports to represent, has failed to mitigate those damages and their claims therefore are barred, in whole or in part.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, and/or any person she purports to represent, which amount to and constitute a waiver and/or estoppel of the claims and any relief sought thereby.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

The claims of Plaintiff, and/or any person she purports to represent, are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff, and/or any person she purports to represent, ratified the conduct alleged in the Complaint and therefore are barred from recovery against HSBC.

LA 52525901

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, and/or any person she purports to represent, under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Setoff)

The claims of Plaintiff, and/or any person she purports to represent, are subject to setoff and/or recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment)

HSBC is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if HSBC is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of injuries to Plaintiff, and/or any person she purports to represent, and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-parties, persons and entities, or the agents, servants and employees of such non-parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## NINTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of HSBC.

LA 52525901

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

HSBC expressly reserves its right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, HSBC requests the following relief:

(1)     That the Complaint be dismissed with prejudice;

(2)     That Plaintiff take nothing by virtue of the Complaint;

(3)     That judgment be entered against Plaintiff and in favor of HSBC;

(4)     That the Court award HSBC its attorneys' fees, expenses and costs to the full

extent permitted by law; and

(5)     For such other relief as the Court deems just and proper.

Dated: New York, New York
       December 23, 2020

STROOCK & STROOCK & LAVAN LLP

By:   */s/ James L. Bernard*

James L. Bernard
Raymond A. Garcia
180 Maiden Lane
New York, New York 10038
Telephone:  212-806-5400
Email:  jbernard@stroock.com
Email:  rgarcia@stroock.com

*Attorneys for Defendant*
*HSBC Bank USA, N.A.*

LA 52525901