**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HSBC BANK USA, N.A.,<br><br>　　　　　　Defendant. | Civil Action No. 1:19-cv-10436-ER<br><br>Hon. Edgardo Ramos<br><br>**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties (as defined below) hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal and that any applicable procedures, including Rule 3 of the Individual Practices of Judge Edgardo Ramos, must be followed when a Party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  includes, but is not limited to, information containing trade secrets, company security matters, matters related to company mergers and acquisitions, financial, sales, or pricing data, company policies and procedures, internal communications regarding confidential or sensitive business information, past, current or future non-public competitive information, employee training materials, or any other sensitive business, commercial, or personal information including consumer financial information, personal or sensitive information pertaining to any customers (including Plaintiff) and their family members, the dissemination of which is generally protected in the normal course of its business or in the normal course of civil litigation. As used here, the term "information" means and includes:  (a) documents, exhibits, answers to interrogatories, responses to requests for admission, responses to requests for production, deposition transcripts and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts, or complete or partial summaries of such information, and the information itself; and/or (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>:  any Party, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staffs); and together with any other Party, the "Parties."

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards.

The Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a

Designating Party's attention that information or items that it designated for protection do not

qualify for protection, that Designating Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

(see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

designated before the material is disclosed or produced. Designation in conformity with this

Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only

a portion or portions of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party either: (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or (ii) provide written notice to the Parties or their respective counsel within twenty (20) business days following receipt of the deposition transcript. Should such "Confidential" designation be made, the stenographer of the deposition or any Party shall appropriately label the cover page of the transcript and all appropriate pages or exhibits of the transcript, and to each copy thereof. Transcripts will be treated, in their entirety, as if designated "Confidential" until the expiration of the twenty (20) business day period noted above.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent, including either within the file name for electronic records or place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party must complete its review of the designated material and respond within 21 days of the initial notice of challenge.  A Challenging Party may proceed to follow Local Civil Rule 37.2 and request an informal conference with the Court by filing a letter motion for a pre-motion discovery conference only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court, court personnel, court reporters and the jury (the Parties acknowledge that additional procedures and/or safeguards may be required to protect the confidentiality of this

material before it is presented to a jury at trial and they agree to address that issue with the court at the appropriate time);

(e)  any actual or potential witness at a deposition or at trial, including, but not limited to, former officers, agents or employees of any Party, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  court reporters, including videographers, and their staff, professional jury or trial consultants, mock jurors, mediators and their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3  <u>Records of Acknowledgments and Agreements to Be Bound</u>. A party disclosing any Protected Information to any of the persons referred to in subparagraphs 7.2(c), (e), (f),and (g), or any person otherwise required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), shall maintain any and all original Acknowledgment and Agreements.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

<u>LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation or by any

governmental entity or officer that compels disclosure of any information or items designated in

this action as "CONFIDENTIAL," that Party must:

(a)  promptly, but no more than seven (7) days after receiving actual notice of the

subpoena or order (and at least two (2) business days before any requested compliance), notify in

writing the Designating Party. Such notification shall include a copy of the subpoena or court

order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in

the other litigation that some or all of the material covered by the subpoena or order is subject to

this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" before a determination by the court from which the subpoena or order

issued, unless the Party has obtained the Designating Party's permission. The Designating Party

shall bear the burden and expense of seeking protection in that court of its confidential material –

and nothing in these provisions should be construed as authorizing or encouraging a Receiving

Party in this action to disobey a lawful directive from another court or by any governmental

entity or officer.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

LITIGATION

     (a)  The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

     (b)  In the event that a Party is required, by a valid discovery request, to produce a

Non-Party's confidential information in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

     (1)  promptly notify in writing the Requesting Party and the Non-Party that some

or all of the information requested is subject to a confidentiality agreement with a Non-Party;

     (2)  promptly provide the Non-Party with a copy of the Stipulated Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

the information requested; and

     (3)  make the information requested available for inspection by the Non-Party.

     (c)  If the Non-Party fails to object or seek a protective order from this court within

14 days of receiving the notice and accompanying information, the Receiving Party may produce

the Non-Party's confidential information responsive to the discovery request. If the Non-Party

timely seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, it shall not constitute a

waiver or estoppel with respect to any privilege or work-product protection, either as to the

produced document or as to any other documents or communications. The obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12.     MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

12.3     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

12.3     <u>Deposition Procedures</u>. If Protected Information is to be reviewed during the deposition, the Designating Party may exclude from the deposition room any persons other than the deponent, the deposition stenographer, counsel and those individuals specified in paragraph 7.2. Further, unless otherwise agreed, a deponent (other than a Party's Experts or consultants) may not retain a copy of any deposition material deemed "Confidential" unless such deposition material was produced by the deponent in connection with the deposition.

12.4     <u>Court Proceedings</u>. In the event that any Party or Non-Party bound by this Stipulation intends to disclose, discuss or otherwise refer to any Protected Information in open court at any hearing or trial of this action, such person shall inform the Court, the Designating Party and all other parties to this action of its intention to do so and identify the Confidential Information it intends to disclose. The Designating Party shall then have the opportunity to move orally, or as the Court otherwise directs, that the hearings be held in camera or that the trial or any portion of it be closed to the public because of the potential disclosure of Protected Information.

13.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work

product, and consultant and Expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: New York, New York
       March 19, 2021

By: _____

David M. Berger
Eric H. Gibbs
GIBBS LAW GROUP, LLP
501 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
dmb@classlawgroup.com
ehg@classlawgroup.com

John A. Kehoe (JK-4589)
KEHOE LAW FIRM, P.C.
41 Madison Avenue, 31st Floor
New York, NY 10010
(212) 804-7700
jkehoe@kehoelawfirm.com

Jeffrey Kaliel
Kaliel PLLC
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
202-350-4783

jkaliel@kalielpllc.com
Counsel for Plaintiffs

*Attorneys for Plaintiff*
*Patrice Chambers*

Dated: New York, New York
      March 22, 2021

STROOCK & STROOCK & LAVAN LLP

By: _____

Raymond A. Garcia
James L. Bernard
180 Maiden Lane
New York, New York 10038
Telephone:  212-806-5400
Email:  jbernard@stroock.com
Email:  rgarcia@stroock.com

*Attorneys for Defendant*
*HSBC Bank USA, N.A.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____March 23, 2021_____

_____
Hon. Edgardo Ramos
United States District Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Southern District of New York on [date] in the case of Chambers v. HSBC Bank USA, N.A.,

U.S. District Court for the Southern District of New York, Case No. 1:19-cv-10436-ER. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my New York agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____