UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A.<br><br>                    Defendant. | Civil Action No. 19-cv-10436<br><br>Hon. Edgardo Ramos |

**DECLARATION OF DAVID M. BERGER IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, David M. Berger declare, and state as follows:

1. I am an attorney licensed to practice in the State of California and admitted *pro hac vice* in this matter. I am fully familiar with the facts and circumstances surrounding this action. I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

**Procedural History**

2. Class Counsel have spent nearly two and a half years litigating this case on behalf of a putative class comprised of thousands of individuals who will receive direct payments if this Settlement is approved.

3. Plaintiff Patrice Chambers filed this case on November 8, 2019. ECF No. 1. Since that time, the Parties have vigorously litigated the case. On March 6, 2020, HSBC moved to dismiss each of Plaintiff's claims. ECF No. 18. While the Motion was pending, Plaintiff filed five Notices of Supplemental Authority, ECF Nos. 27, 31, 33, 35, & 37. On December 10, 2020 the Court

granted-in-part and denied-in-part HSBC's Motion to Dismiss, leaving Plaintiff with a single claim for breach of contract. ECF No. 38. HSBC filed its Answer on December 23, 2020. ECF No. 40.

4. With the pleadings settled, the Parties began formal discovery, exchanging interrogatories and requests for production. Plaintiff's counsel engaged a data expert to analyze HSBC data and begin fleshing out their damage models.

5. With the benefit of the Court's order and counsel's extensive experience litigating similar cases, it became clear that settlement negotiations may prove fruitful. To that end, the Parties also focused on informal discovery to prepare for mediation.

6. On September 13, 2021, the parties participated in a full-day mediation session with the U.S. Magistrate Judge Morton Denlow (ret.), formerly of the United States District Court for the Northern District of Illinois. Although the initial mediation did not result in a settlement, the parties engaged in a second full-day mediation with Judge Denlow on November 23, 2021. With Judge Denlow's assistance, the Parties were able to reach an agreement in principle and execute a term sheet.

7. During the settlement negotiations, the parties did not discuss attorneys' fees, costs, or expenses until after they agreed on all other material terms of the Settlement. Other than the Settlement Agreement, there are no side deals or other arrangements between the Parties or their attorneys.

8. The Parties' agreement provided for some confirmatory discovery on classwide damages issues. Over the next several months, the Parties completed confirmatory discovery, which involved detailed analysis of HSBC data.

9. After confirmatory discovery was successfully completed, the Parties finalized their Settlement Agreement, which is attached as Exhibit A.

10. In summary, this Settlement comes after Counsel were able to adequately understand and evaluate the strengths and weaknesses of their case. Class Counsel spent significant time communicating with Plaintiff, investigating facts, researching the law, preparing the Complaint, engaging in discovery and motion practice, working with an expert witness, and reviewing important documents and data. Even after reaching an agreement-in-principle, Class Counsel engaged in significant confirmatory damages discovery to confirm the Settlement was adequate.

**The Settlement Terms**

11. The Settlement Agreement provides for $1,975,000 to be paid into a Settlement Fund.

12. Plaintiff expert, who is extremely experienced in evaluating damages in bank overdraft fee cases, analyzed HSBC's data and concluded that the Settlement Fund represents approximately 42% of the total damages that potentially would be available if Plaintiff were to succeed at all phases of litigation, including trial.

13. In addition, the Settlement Agreement puts forth a Notice Program that, if approved, will provide the best notice practicable and is tailored to take advantage of the information HSBC has available about the Settlement Class and provide direct mail or email notice to Settlement Class Members.

14. The Notice Program is reasonably calculated to apprise Settlement Class members of: the material Settlement terms; a date by which Settlement Class members may exclude themselves from the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the Final Approval Hearing date; and the Settlement Website address where the Settlement Class where they may access the Agreement and other related documents.

15. With this Court's approval, the Settlement Administrator, KCC, will oversee the Notice Program and Settlement Administration. KCC is one of the leading notice administration firms in the United States.

16. Additionally, Class Counsel will seek an award by the Court to the Class Representative in an amount up to $5,000 to be paid out of the Settlement Fund. The award will compensate Plaintiff for the time and effort she spent in prosecuting this action.

17. HSBC has agreed not to oppose Class Counsel's request for attorneys' fees of up to one-third of the Settlement Fund and request for reimbursement of Class Counsel's costs and expenses in this litigation. The Settlement provides that attorneys' fees will be paid from the Settlement Fund only after a separate application is made, Settlement Class Members have a chance to object, and the Court determines the appropriate amount. Class Counsel will seek attorneys' fees of no more than 1/3 of the Settlement Fund, or $658,333.33.

**Ms. Chambers and Her Counsel Have Zealously Represented the Class**

18. Ms. Chambers and Class Counsel have more than adequately represented the class.

19. Class Counsel have extensive experience in class action litigation in general, and particularly class actions against financial institutions over account service fees. As can be seen from the resumes in the attached Exhibits, Class Counsel have substantial experience in the litigation, certification, and settlement of class action cases, specifically in the overdraft fee context. Class Counsel also has experience in understanding the damages at issue, the information critical to determine class membership, and the data necessary to calculate each Settlement Class member's damages. Further, based on my observations, HSBC's counsel also is very experienced in this type of litigation.

20. The firm resume of Gibbs Law Group LLP is attached as Exhibit B to this declaration.

21. The firm resume of Kaliel Gold PLLC is attached as Exhibit C to this declaration.

22. The firm resume of Kehoe Law Firm P.C. is attached as Exhibit D to this declaration.

23. It is thus my considered opinion that counsel for each side have fully evaluated the strengths, weaknesses, and equities of the Parties' respective positions and believe that the proposed settlement fairly resolves their respective differences.

24. Ms. Chambers also diligently represented the class. She actively participated in the litigation and discovery, spent considerable time discussing the case with Class Counsel and reviewing the relevant facts, assisting with discovery responses, and searching for relevant and responsive documents. She has remained in regular contact with Class Counsel and acted with the interests of the class in mind. In doing so, Plaintiff was integral to the case.

**Evaluation of the Settlement**

25. Plaintiff faces substantial risks on the merits of her claims. The remaining breach of contract claim will turn on how the factfinder construes the term "item" in the Account Agreements. Although Plaintiff believes she has a strong chance on the merits, it is possible that Plaintiff might lose on the merits either at trial or summary judgment. Not to mention, even if Plaintiff does establish that the contract is ambiguous, she will face even further complication proving to a jury the extent of damages which will require multiple experts and explaining complex data. For these reasons, the Settlement is a fair result that guarantees recovery for class members now.

26. Although Plaintiff has not yet moved for Class Certification, HSBC would vigorously oppose a litigated motion to class certification, and Plaintiff's success is not guaranteed. Accordingly, the risks inherent in maintaining class action litigation favor settlement.

27. With this Settlement, Plaintiff has achieved her desired goal of compensating Class Members charged Retry Overdraft Fees during the Class Period. Based on an extensive analysis of HSBC data, the Settlement Fund represents approximately 42% of the total damages that potentially would be available if Plaintiff were to succeed at all phases of litigation, including trial.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in Oakland, California this 13th Day of April, 2022.

/s/ David M. Berger
David M. Berger