**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICE CHAMBERS, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HSBC BANK USA, N.A.,<br><br>　　　　Defendant. | Civil Action No. 1:19-cv-10436-ER Hon.<br><br>Edgardo Ramos<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

The Court having held a Final Approval Hearing on October 20, 2022, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, And (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release, including its exhibits, fully executed on April 1, 2022, 2022 (the "Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order (Dkt. No. 63) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The Settlement Class means all persons who, between November 1, 2013, and December 31, 2020, held an HSBC consumer deposit account and were charged and not refunded one or more Retry Overdraft Fees. Excluded from the Class is HSBC Bank, its parents, subsidiaries, affiliates, officers and directors, any entity in which HSBC Bank has a controlling interest, any individual who makes a timely election to be excluded, and all judges assigned to hear any aspect of this litigation as well as their immediate family members and chambers staff.

4. All Persons who validly excluded themselves from the Class are not Settlement Class Members shall not be bound by this Final Approval Order or any release provided herein. There are no persons who validly excluded themselves from the Settlement Class.

5.      There are no objections to the Settlement. The Court finds that the Settlement, taken as a whole, is fair, reasonable, and adequate to all concerned.

6.      The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, on the one hand, and HSBC Bank and HSBC Bank's Counsel, on the other hand.

7.      The Court hereby finds and concludes that Class Notice was disseminated to Class Members in accordance with the terms set forth in Sections 4(C) and 6(B) of the Agreement and this Court's Preliminary Approval Order. The Court further finds that Class Notice was provided in accordance with the terms set forth in the Agreement.

8.      The Court hereby finds and concludes that the Class Notice program fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitutes the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all Class Members who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

9.      This Court hereby finds and concludes that the notice provided by HSBC Bank pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

10.     The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. The Plaintiff, in her role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

11.     The Court specifically approves Class Counsel's application for attorneys' fees of $658,333.33 (representing 1/3 of the $1,975,000 Settlement Fund), which the Court finds to be fair and reasonable in this case, and the Court finds Class Counsel's hourly rates to be fair and reasonable.  The Court also approves Class Counsel's application for reimbursement of reasonable litigation expenses in the amount of $56,250.82.  The awards of attorneys' fees and expenses are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12.     The Court finds the payment of a service award to the Class Representative in the amount of $5,000 is fair and reasonable.  Accordingly, the Class Representative is hereby awarded $5,000, such amount to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

13.     The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

14.     The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative are typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to Class Members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and HSBC Bank.

15.     This Court hereby dismisses this Action with prejudice, without costs to any party, except as expressly provided for in the Agreement.

16.     The Settlement Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

17.     Upon the Effective Date of the Settlement, Plaintiff and each and every one of the Settlement Class Members shall be deemed to have released the Released Parties from the

Released Claims as provided for in the Agreement.  In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated with respect to the Released Claims.

18.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by HSBC Bank, or of the truth of any of the claims asserted by Plaintiff, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

19.     In the event that any provision of the Settlement or this Final Approval Order and Judgment is asserted by HSBC Bank as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

21. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiff and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

22. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

IT IS SO ORDERED.

Dated: October 20, 2022

_____
Hon. Edgardo Ramos
United States District Judge

5